DANIELS, Appellant v. MOSER, Respondent

(71 N.W.2d 739)

(File No. 9487. Opinion filed August 29, 1955)

**Raymond Hieb,** Ipswich, **H. I. King, Jr.,** Aberdeen, for Plaintiff and Appellant.

**Morrison & Skaug,** Mobridge, for Defendant and Respondent.

SMITH, J. ▮ The trial court entered judgment for defendant notwithstanding the verdict in favor of plaintiff. The narrow question presented by plaintiff's appeal is whether the evidence is sufficient to support the jury's determination that defendant was negligent. Under settled principles we view the evidence, and the inferences legitimately to be drawn therefrom, in the light most favorable to plaintiff.

Plaintiff was seated on a small load of hay in defendant's truck as defendant drove it through a cemetery gate. An archway sign over the gate brushed plaintiff to the ground. He suffered severe injuries.

At the time defendant was operating a sales barn at Bowdle, South Dakota, and the 74-year old plaintiff was in his employ. Defendant had previously cut the grass in the cemetery and four small piles were to be hauled. He and plaintiff rode to the cemetery in the cab of defendant's pick-up truck. It was equipped with a stock rack, the rear end of which was open except for a low endgate. When they reached the cemetery plaintiff opened the gate and noticed the archway. Defendant loaded the hay in the truck and plaintiff pushed it back and tramped it down. When loaded the hay was rounded up at the front, but sloped down toward the back of the truck. They were but a short distance from the gate when the hay was loaded. Plaintiff described the distance as equal to the length of the courtroom.

As they were about to start the return trip, plaintiff announced his intention to ride on the hay. The defendant said, "If you stay up there, you sit down." The plaintiff replied, "You bet your life," and he sat down with his back to the front of the truck. The testimony does not describe plaintiff's position on the hay, but the fact that his head came in contact with the archway gives rise to the inference that he was sitting towards the top thereof. The defendant saw him after he was seated. With the plaintiff in that position the defendant entered the cab and drove slowly in low gear to a point just outside the gate where he alighted and went back to close the gate. He found plaintiff on the ground back of the truck.

The clearance of the archway measured nine feet six inches and the rack was eight feet four inches high. Plaintiff testified that he was struck on the back of the neck. He remembered nothing thereafter until they were placing him on his bed in Bowdle.

■ The defenses of assumption of the risk, and contributory negligence are not available to defendant because he failed to secure the payment of workmen's compensation in any of the ways described in SDC 64.0106. Richardson v. Farmers' Co-op Union, 45 S.D. 357, 187 N.W. 632; Utah Idaho Sugar Co. v. Temmey, 68 S.D. 623, 5 N.W.2d 486; SDC 64.0109. Our sole concern is with the negligence, if any, of the defendant.

■ Three elements unite to constitute actionable negligence: (1) The existence of a duty or obligation on the part of defendant to protect plaintiff from injury. (2) Failure of defendant to perform or discharge that duty. (3) Injury to plaintiff resulting from such failure of defendant. 65 C.J.S., Negligence, § 2, p. 324. The serious injury suffered by plaintiff, and the duty of defendant to protect plaintiff from harm are conceded. The matter in difference between the parties is whether the defendant failed to exercise due care to protect plaintiff from harm.

■ Whether negligence exists in a particular case must be determined by a consideration of all the facts and circumstances. The standard by which the conduct of defendant must be tested is that of an ordinarily or reasonably prudent person acting in like circumstances. Granflaten v. Rohde, 66 S.D. 335, 283 N.W. 153; 65 C.J.S., Negligence, § 1, p. 303.

In granting the motion for judgment n. o. v. the trial court observed, "The only question is whether defendant was guilty of a breach of duty in not specifically cautioning plaintiff to watch out for the archway. He, in effect, did so caution him, by telling him to sit down. If the law imposes a greater duty than this then an employer is an insurer."

In support of the view of the trial court respondent cites Maher v. Wagner, 62 S.D. 227, 252 N.W. 647, dealing with the simple tool rule, and quotes from 56 C.J.S., Master and Servant, § 203, p. 908, as follows: "Where, however, the master has furnished a suitable place to work and suitable appliances, if the servant is mature and sensible and has had some experience in the work being done he must look after himself as to all obvious dangers in the details of the work. * * *"

The principle which respondent would have us apply finds clear statement in Blomberg v. Trupukka, 210 Minn. 523, 299 N.W. 11, 13, where it is written, "Defendants were under the duty to exercise due care to avoid causing injury to plaintiff. There was no failure to exercise due care unless their conduct exposed him to unreasonable risk of injury. An act which exposes another to risk of injury only by his failure to conform to those rules of conduct for his own safety with which he might reasonably be expected to com-

ply does not violate the standards of due care. A party has a right to assume that others will observe as a minimum the operation of well-known natural laws. Prosser, Torts, pp. 232-234."

The validity of the principle for which respondent contends is not open to question. However, to sustain the ruling of the trial court, we must be persuaded that viewing the particular circumstances in the light of that principle, reasonable men will not find room for reasonable difference of opinion but will conclude that defendant acted with due care. Ulrikson v. Chicago, M., St. P. & P. Ry. Co., 64 S.D. 476, 268 N.W. 369.

The risk of harm to plaintiff if he rode on the hay was recognized by defendant. He told him that if he remained on the hay he must sit down. However, even after plaintiff was seated the risk of harm remained and must have been apparent to defendant. Plaintiff placed himself with his back to the front of the truck and so high on the hay that his head would not clear the archway they were about to drive through. With plaintiff in that dangerous position the defendant moved the truck through the arch.

■ ■ In the described circumstances we think reasonable minds might conclude that defendant did not measure up to the standard of the reasonable man in driving under the archway relying on the assumption that plaintiff would act in self-protection, because that which he had seen must have caused him to doubt the validity of that assumption. He had seen plaintiff place himself on the hay with seeming inattention to the archway, and that he was thereby subjecting himself to grave risk of serious injury. The right to act on the assumption that another will act in self-protection does not subsist in the presence of knowledge which places the validity of that assumption in doubt. 65 C.J.S., Negligence, § 15, p. 402.

It is our opinion that the issue of negligence was one of fact for the jury, and the trial court erred in entering judgment n. o. v. Therefore, the judgment is reversed and the trial court is directed to reinstate the verdict and enter judgment thereon for plaintiff.

All the Judges concur.