CUPPY, et al., Respondents v. BUNCH, Respondent and
WHITE, Appellant
(214 N.W.2d 786)
(File No. 11192. Opinion filed February 15, 1974)

Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for plaintiffs and respondents.

Whiting, Lynn, Jackson, Shultz, Ireland & Lebrun, Rapid City, for defendant and respondent.

Costello, Porter, Hill, Banks & Nelson, Rapid City, Francis J. Parker, Deadwood, for defendant and appellant.

DOYLE, Justice.

This is an appeal from judgments entered in favor of the plaintiffs on the consolidated trial of six damage claims arising out of a two-car collision.

On July 4, 1970, the defendants, Bunch and White, who were friends and next-door neighbors, met in a bar in Lead, South Dakota. While there they decided to meet later in Belle Fourche to go fishing at a stock pond nearby. Bunch left and drove to Belle Fourche. White followed shortly thereafter. The two met again at a Belle Fourche cafe at approximately 1:00 p.m. Bunch then drove them to the fishing pond. Bunch fished for only a short while. He was "hung over" from his previous night's activities and the heat of the day complicated his

condition. On the trip out and throughout the afternoon, the two imbibed from a gallon thermos jug containing ice, lemonade and a fifth of vodka prepared by White. They left the pond late in the afternoon and upon Bunch's request, White drove back to Belle Fourche while Bunch slept. Arriving at Belle Fourche, White unloaded his gear from Bunch's vehicle into his own. He awakened Bunch with some difficulty. When questioned by White in regard to his condition, Bunch replied to the effect that although he did not feel all right, he did not wish to leave his vehicle in Belle Fourche. White then stated to Bunch, "follow me" or "just stay behind me". White and Bunch then left Belle Fourche, each in his own vehicle, with White in front. At St. Onge, White stopped to check on his friend who, according to White, seemed all right and they continued on. Prior to the collision, the two vehicles came up behind another vehicle. The driver of this vehicle and his wife both testified that the Bunch vehicle would occasionally swerve from the shoulder of the road back out into the opposite lane of travel. This observation caused so much concern that the driver turned off the highway and permitted both vehicles to proceed ahead of him. The collision occurred shortly thereafter. The record indicates that Bunch drove his vehicle across the center line into the path of the plaintiff's vehicle. The collision occurred in such a manner that the plaintiffs had no opportunity to take any action to avoid it.

In suits brought against both Bunch and White, Bunch virtually conceded liability and the jury returned a judgment against him from which he does not appeal. In the suits against White, the jury also returned a judgment in favor of the plaintiffs and White appeals.

The plaintiffs for their cause of action against White alleged that he:

> "* * * did negligently and carelessly operate a motor vehicle for the purpose of leading or guiding a motor vehicle operated by defendant Brian D. Bunch on said public highway, when defendant Marlin G. White knew, or reasonably should have known, that defendant Brian D. Bunch was under the influence of intoxicating liquor and unable to operate the motor vehicle in a reasonably careful and prudent manner."

In order for there to be actionable negligence there must be a duty on the part of the defendant to protect the plaintiff from injury, a failure to perform that duty, and an injury to the plaintiff resulting from such failure. Ecklund v. Barrick, 1966, 82 S.D. 280, 144 N.W.2d 605; Stoner v. Eggers, 1958, 77 S.D. 395, 92 N.W.2d 528; Daniels v. Moser, 1955, 76 S.D. 47, 71 N.W.2d 739.

It is the appellant's contention that he owed no duty to the respondents. According to Restatement, Second, Torts § 315:

"There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless

(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

(b) a special relation exists between the actor and the other which gives to the other a right to protection."

The special relations referred to in clause (a) are found in §§ 316-319, none of which is applicable herein. Sections 314a and 320 state the relations relevant to clause (b) which we also find equally inapplicable.

The language in Comment b. of § 315 is appropriate:

"In the absence of either one of the kinds of special relations described in this Section, the actor is not subject to liability if he fails, either intentionally or through inadvertence, to exercise his ability so to control the actions of third persons as to protect another from even the most serious harm. This is true although the actor realizes that he has the ability to control the conduct of a third person, and could do so with only the most trivial of efforts and without any inconvenience to himself. Thus if the actor is riding in a third person's car merely as a guest, he is not subject to liability to another run over by the car even though he knows of the other's

danger and knows that the driver is not aware of it, and knows that by a mere word, recalling the driver's attention to the road, he would give the driver an opportunity to stop the car before the other is run over."

The facts do not, in our opinion, indicate that White did exercise or ever was capable of exercising any control over Bunch at any time relevant to this case. Nor do the facts show that White undertook to assist Bunch which, therefore, makes § 324A of Restatement, Second, Torts, inapplicable.

The respondents' argument that Steckman v. Silver Moon, Inc., 1958, 77 S.D. 206, 90 N.W.2d 170, is apropos is untenable. In Steckman v. Silver Moon, supra, this court held that the law imposes upon one who undertakes to render assistance the duty of reasonable care toward the one assisted. This rule does not contemplate any duty toward third persons nor do we choose to extend it to do so.

The respondents also argue that what is commonly referred to as the "signal-to-pass" cases, e. g., Thelen v. Spilman, 1957, 251 Minn. 89, 86 N.W.2d 700, are supportive of the judgment in their favor. We find those cases factually inapposite to the one before us.

■ As a general rule the existence of a duty, i. e., whether a relation exists between the parties such that the law will impose upon the defendant a legal obligation or reasonable conduct for the benefit of the plaintiff, is to be determined by the court. Proesser on Torts, § 36, 3rd Ed., pp. 206, 207; 57 Am.Jur.2d, Negligence, § 34.

■ In our view, the evidence taken in the light most favorable to the respondents is not supportive of their alleged action against White in that it fails to disclose the existence of any duty owed to the respondents on behalf of White. Therefore, the trial court erred in not directing a verdict for White.

Reversed.

WOLLMAN and DUNN, JJ., concur.

BIEGELMEIER, C. J., concurs in result.

WINANS, J., dissents.