Gtxjy A. ,Gbayes, J.
The plaintiff has ¡moved for a summary judgment. The taction is one to foreclose ¡a mortgage upon property 'Owned by the defendants. The defendants are admittedly in default of payments since April, 1973. The premises are known as No. 2456 Biver Boad, Town of Niskayuna, County of Schenectady, State of New York. The defendants obtained title to the premises from the builder, one John E. Wheeler, on November ¡2, 1972. The builder had originally obtained a construction loan for the sum of $21,000 from the plaintiff bank. The defendants obtained an additional loan of $7,000 from the ■bank and said builder’s mortgage was assumed and consolidated into one mortgage at the time of closing. The defendants by their answer admit the obligation under the mortgage and that they are presently in default. The defendants have interposed two affirmative defenses, the first alleging that another action is pending between the parties and others, and that the defendants herein have judgment annulling and voiding the .bond and mortgage sought to be foreclosed on the grounds of misrepresentation and fraud by the plaintiff lending institution.
The other action pending arises out of the purchase of the same premises and in addition to the plaintiff bank being named defendant therein, the other defendants are the builder and two real estate brokers. The actions against the builder and the real estate brokers are based upon misrepresentation and warranty. The claim against the bank is ¡based on .warranty, negligence, misrepresentation and fraud. The defendants herein as plaintiffs in said action seek money damages. The court here determines that the pendency of the other action is not a bar to the present foreclosure action.
The defendants by their defense allege that the plaintiff, upon approval of their application for a mortgage loan, represented that the bank had thoroughly inspected the house built by the builder and found the same to be livable as a home and that the water supply was in all respects potable and that the septic tank .was useable. The defendants further contend that the plaintiff bank .as a lender to a builder who is building for specu *839 lation owes an independent duty to a prospective purchaser from that builder to exercise reasonable care that the home has potable water and a proper septic system.
The type of loan that was involved is commonly referred to as a conventional mortgage loan. The property in question was served by a private well upon the premises. It further appears that upon taking title and possession of the premises that defendants found the water to be unpotable and that the septic system readily overflowed. An examination before trial of the defendant, Donald iC. Bartosik, established without contradiction that said defendant was a research scientist and held a doctorate degree in metallurgy and that prior to signing the contract with the builder he smelled sulphur in the water supply and that the contract between the builder and defendants gave the defendants an allowance of $150 toward a sulphur purifier. The bank did conduct an inspection of the premises for the purpose of advancing moneys at certain construction intervals. The defendant, Bartosik, admitted that at no time had the bank or its representative orally or in writing ever made any representation concerning the potability of the water or the adequacy of the septic tank system. The defendants on the other hand contend that the same was impliedly represented by the fact that the bank approved the defendants’ application for a loan on said premises.
Counsel for the defendants has been forthright and candid in stating that after a thorough research he is unable to find any case law in New York State that directly supports the defendants’ defense. This case appears to be one of first instance in New York regarding the defense of fraud and misrepresentation of a lending institution involved in loaning money to a contract builder and the eventual purchaser.
The question presented here is whether the plaintiff lending institution owes any duty or obligation to a mortgagor-purchaser of a home from a builder who obtained a construction loan from the same lending institution absent a showing of misrepresentation or direct financial benefit by the bank that is greater than normal mortgage interest.
Both parties have extensively cited cases of other jurisdictions for their respective positions. In Connor v. Great Western Sav. & Loan Assn. (69 Cal. 2d 850 [1968]) the court held where a lending institution became an active participant in the construction enterprise and benefited financially to a greater extent than the normal mortgage interest, its failure to detect major structural defects in the course of construction of its inspection *840 renders it liable to purchasers .of residential homes. ¡Subsequently, the ¡California Legislature severely limited the application of the case. The subsequent California case of Bradler v. Craig (274 Cal. App. 2d 466) held that where the lending institution’s participation was that of the usual and ordinary construction and purchase money lender, content to lend money on the security of real property, ,no liability would attach. The court further held that approval of plans and specifications and periodic inspection of1 houses during construction is normal procedure for any construction money lender.
A leading case is Callaizakis v. Astor Development Co. (4 Ill. App. 3d 163). The Illinois case affirmed dismissal of the plaintiff’s complaint which alleged negligence against a lending institution by a number of condominium purchasers. The court held even though the lending institution employed their own architects and engineers to inspect and supervise the construction, if the lending bank’s interest in the property does not exceed the granting of a loan and the obtaining of normal interest, it cannot be held liable for failure to detect defective workmanship or materials for the benefit of prospective purchasers to .whom it loaned money.
In view .of the above decisions and the absence of New York authority in point or appropriately remedial New York legislation which might set standards in such cases, the court is constrained to find that the defendants’ second affirmative defense fails to allege sufficient facts to constitute a legal defense to the foreclosure action.
The court accordingly grants the plaintiff’s application for summary judgment.