Charles W. SNYDER and Dorothy Snyder, Plaintiffs and Appellants,

v.

FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF RAPID CITY, Defendant and Respondent.

No. 11767.

Supreme Court of South Dakota.

Argued April 26, 1976.

Decided May 13, 1976.

Rehearing Denied June 9, 1976.

William J. Rieb, Rapid City, for plaintiffs and appellants.

Charles L. Riter of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and respondent.

MILLER, Circuit Judge.

This is an appeal from an order of the trial court dismissing the complaint of plaintiffs, which sought damages from defendant arising out of a transaction concerning the sale and financing of a mobile home.

The complaint alleges, and the facts so alleged are considered as true for the purposes of this appeal, that in October 1971, the plaintiffs purchased a mobile home from a dealer in the Black Hills area. The plaintiffs apparently being financially unable to pay cash for the purchase, entered into an installment sales contract with the dealer. Apparently through some continuing agreement with the dealer, the defendant herein accepted an assignment of the installment sales contract and obtained a first lien on the title to the mobile home. Payments thereunder were to be made directly to defendant.

The complaint alleges that various obvious and also hidden defects were present in said mobile home, resulting in a breach of warranty, express or implied, of the dealer and manufacturer (neither of which is a party to this suit) in which defendant was "in pari delicto" due to its failure to inspect the mobile home prior to making the loan. Plaintiffs claim that the defendant was under a legal duty to make an inspection of the mobile home prior to the loan closing, and that its violation of this duty was actionable negligence.

The trial court held that the complaint failed to state a claim upon which relief can be granted. We agree.

Plaintiffs cite as their primary authority the case of *Connor v. Great Western Savings and Loan Association*, 1968, 69 Cal.2d 850, 73 Cal.Rptr. 369, 447 P.2d 609, wherein

a lending institution was held liable for negligence in its failure to follow its duty to protect the buyers of homes from defects caused by major structural defects. The facts in *Connor* are not akin to those here. There the lending institution was active in the real estate venture, whereunder it purchased real estate and "warehoused" it for the developer, realizing a profit from the sale. During construction of homes on the real estate, it made loans to the developer and realized interest thereon. In addition, when homes were completed, it either financed the homes being purchased by the individuals from the developer or received a penalty paid by the developer in the event it did not provide the financing. It was held liable for damages for defective workmanship because it:

> "became much more than a lender content to lend money at interest on the security of real property. It became an active participant in a home construction enterprise * * * its financing, which made the enterprise possible, took on ramifications beyond the domain of the usual money lender."

This is the first time a case of this type has been before this court. Cases from other jurisdictions involving claimed liability of lending institutions which either distinguish the *Connor* case or make contrary holdings are: *Bradler v. Craig*, 1969, 274 Cal.App.2d 466, 79 Cal.Rptr. 401; *Christiansen v. Philcent Corporation*, 1973, 226 Pa. Super. 157, 313 A.2d 249; *Callaizakis v. Astor Development Company*, 1972, 4 Ill. App.3d 163, 280 N.E.2d 512; *Mortgage Associates, Inc. v. Monona Shores, Inc.*, 1970, 47 Wis.2d 171, 177 N.W.2d 340; *Schenectady Savings Bank v. Bartosik*, 1974, 77 Misc.2d 837, 353 N.Y.S.2d 706; *Weiss v. Brentwood Savings and Loan Association*, 1970, 4 Cal.App.3d 738, 84 Cal.Rptr. 736.

The allegations and assumed facts before us clearly show that the defendant was not an active participant in this sale. It was not in any manner connected with the manufacturer. Its only relationship with the dealer was to take an assignment of an installment loan contract to provide financing to the plaintiff. It had no legal duty to make an inspection of the mobile home for any defects in workmanship or otherwise.

Because of the total lack of comparable facts between this action and those in *Connor,* supra, we are neither accepting nor rejecting the holding therein as a statement of the law in South Dakota.

The complaint, failing to state a cause of action, was properly dismissed by the trial court.

Affirmed.

DUNN, C. J., and WINANS, WOLLMAN and COLER, JJ., concur.

MILLER, Circuit Judge, sitting as a member of the Court.