**Eldon D. AYRES, Plaintiff and Respondent,**

v.

**Gerald JUNEK et al., Defendants and Appellants.**

**No. 11768.**

Supreme Court of South Dakota.

Dec. 10, 1976.

Walter Mueller, of Mueller & Bennett, Belle Fourche, for plaintiff and respondent.

E. James Hood, of Richards & Hood, Spearfish, for defendants and appellants.

WOLLMAN, Justice.

Plaintiff, a resident and taxpayer of Spearfish Independent School District No. 104 (the district), commenced the instant actions in March of 1966 on behalf of himself and all other taxpayers in the district, asking that defendants be required to reimburse the district in the total amount of $1955.40, which the district had paid to defendants in 1964 for repairs made to a school bus owned by the district. The matter was finally submitted to the trial court on a stipulation of facts and depositions on June 27, 1975. The trial court entered judgments against the defendants in the amounts prayed for in the several complaints. Defendants have appealed. We affirm.

During all times material herein, defendant Gerald Junek was a member of the school board of the district and a shareholder, officer and director of defendant Junek's Service, Inc. Defendant Delmar Junek was a shareholder, officer and director of Junek's Service, Inc., as well as shop manager of that firm. Defendant Edward R. Miller was an employee of and the manager of the body shop of Junek's Service, Inc.

SDCL 6–1–1 provides that:

"It shall be unlawful for any officer of a county, municipality, township or school district, who has been elected or appointed, to be interested, either by himself or agent, in any contract entered into by said county, municipality, township or school district, either for labor or services to be rendered, or for the purchase of commodities, materials, supplies, or equipment of any kind, the expense, price or consideration of which is paid from public funds or from any assessment levied by said county, municipality, township or school district, or in the purchase of any real or personal property belonging to the county, municipality, township or school district or which shall be sold for taxes or assessments or by virtue of legal process at the suit of such county, municipality, township or school district. Such contract shall be null and void from the beginning."

SDCL 6–1–2 provides in part that:

"The provisions of § 6–1–1 shall not be applicable when the contract is made pursuant to any one of the conditions set forth in the following subdivisions hereof, without fraud or deceit; but, such contract shall nevertheless be voidable if the provisions of the applicable subdivision were not fully satisfied or present at the time such contract was entered into:

\*      \*      \*      \*      \*      \*

(2) Any contract involving more than one hundred dollars but less than the amount for which competitive bidding is required, and there is no other source of supply or services available within the county, municipality, township or school district provided

that the consideration therefor is reasonable and just and further provided that the accumulated total of such contracts paid during any given fiscal year shall not exceed five thousand dollars;

* * *."

 The trial court found that other sources of repair work were available within the school district and that therefore the exception set forth in SDCL 6–1–2(2) did not apply to the transactions in question. Defendants contend on appeal that the evidence does not support this finding. Because none of the witnesses appeared before the trial court, our review of the evidence is not limited by the clearly erroneous rule set forth in SDCL 15–6–52(a). *Geo. A. Clark & Son, Inc. v. Nold*, 85 S.D. 468, 185 N.W.2d 677. After reviewing the deposition testimony as though presented here in the first instance, we are satisfied that there is ample evidence to support the challenged finding.

The judgments are affirmed.

All the Justices concur.