**Orville JOHNSON, Plaintiff and Respondent,**

**and**

**Harvey Johnson, Plaintiff and Cross-Appellant,**

**v.**

**STRAIGHT'S, INC., a corporation, and Reuben Heckenlaible, Defendants, Appellants and Cross-Respondents.**

**Nos. 12543, 12667.**

Supreme Court of South Dakota.

Decided Feb. 13, 1980.

Ronald J. Wheeler of Churchill, Manolis, Wheeler & Freeman, Huron, for plaintiff and respondent and plaintiff and cross-appellant.

Harold H. Deering, Jr. of May, Adam, Gerdes & Thompson, Pierre, for defendants, appellants and cross-respondents.

WOLLMAN, Chief Justice.

This is an action to recover for damages arising from a fire allegedly caused by the negligence of the appellants Straight's, Inc., and Reuben Heckenlaible. Plaintiffs below, Orville and Harvey Johnson, are father and son. In appeal # 12543, Orville, the father, is respondent. In appeal # 12667, Harvey, the son, is cross-appellant. We affirm the judgment rendered in favor of Orville Johnson and against the appellants Straight's,

Inc., and Heckenlaible. We dismiss Harvey Johnson's attempted cross-appeal.

Respondent Orville Johnson owned a farm house located south of Highmore in which he and his wife lived until August of 1975, when they moved to Highmore. Harvey Johnson and his wife lived in the house following their marriage in November of 1975. On the morning of September 23, 1976, they moved some furniture from the farm house to their new mobile home in Highmore, which had been delivered late the preceding afternoon.

Earlier during the week of September 23, Orville Johnson had asked Heckenlaible, an employee of Straight's, Inc., a Highmore firm engaged in the business of selling bulk gas, fuel, and propane and installing and maintaining furnaces, to service and light the propane gas floor furnace in the farm house.

On the morning of September 23, Heckenlaible went to Harvey Johnson's mobile home to repair a propane gas line that had been damaged. Heckenlaible told Harvey Johnson that he was going out to the farm house that afternoon to check the furnace. Harvey Johnson said nothing with respect to any obstruction over the furnace grate.

Early that afternoon, Heckenlaible went to the farm home, where he cleaned the pilot light on the furnace, lit the burners to make sure that they burned properly, and went upstairs to check the thermostat. Satisfied that the thermostat and furnace worked properly, he set the thermostat and left the house. Later that day the house was damaged by a fire that resulted when a rug that partially covered the furnace grate was ignited by the buildup of heat in the grate. The rug had been placed over the grate by Mrs. Harvey Johnson sometime that summer while the Johnsons were rearranging furniture to accommodate a newly acquired window air conditioner.

The floor furnace was suspended immediately beneath the floor grate, with the burners some two and one-half feet from the top of the grate. In a furnace of this type there are no other grates or ductwork to conduct the heat from the burners.

The thermostat that controlled the furnace was some eight to twelve inches from an archway leading into the living room, through which the rug was readily visible. Mr. Heckenlaible made no attempt to look around the corner to check the furnace grate when he checked the thermostat. He has been in the business of servicing and installing furnaces of the type involved here for some twenty years and had installed the furnace in question. He was aware that there is a substantial amount of heat generated by a furnace of this type. He testified that he sometimes checks floor furnace grates, depending "upon the housekeeping they [the homeowners] do."

Harvey Johnson acknowledged at trial that he knew that the rug was over the grate. He denied, however, that there had been a conversation between Heckenlaible and himself on the morning of the fire.

Appellants argue on appeal that: (1) They owed no duty to respondent to check the furnace grate and therefore were not negligent in failing to do so; (2) Even if they did breach a duty owed to respondent, such breach was not the proximate cause of respondent's damage due to the intervening neglect of Harvey Johnson in covering the furnace grate.

## I.

### Appeal # 12543

Appellants cite the reasonable man doctrine, as expressed in such cases as *Rikansrud v. City of Canton,* 79 S.D. 592, 116 N.W.2d 234 (1962), to the effect that the care an actor is required to exercise is that which a reasonable person should recognize is necessary to prevent his acts from creating an unreasonable risk of harm to another. The three elements necessary to support a finding of actionable negligence are a duty on the part of the defendant, a failure to perform that duty, and an injury to the plaintiff resulting from such failure. *Cuppy v. Bunch,* 88 S.D. 22, 214 N.W.2d 786 (1974). Foreseeability is the touchstone of the determination of the existence of a duty. *Rikansrud v. City of Canton,* supra.

In *Waggoner v. Midwestern Development, Inc.,* 83 S.D. 57, 62, 154 N.W.2d 803, 806 (1967), we stated: "One cannot be said in any manner to neglect or refuse to perform a duty unless he has knowledge or be reasonably chargeable with knowledge that an act or omission involves peril or harm to another." We agree with the trial court that Heckenlaible had that knowledge here and was thus under a duty to check the grate before igniting the furnace.

In *Ward v. LaCreek Electric Association,* 83 S.D. 584, 163 N.W.2d 344 (1968), this court found the defendant liable for damages sustained to plaintiff's house as a result of the negligence of its employees in allowing electricity to run into plaintiff's home when they were aware that no one resided in the home at the time, thereby activating the water pump in the basement and causing water damage to the home. In holding defendant liable this court stated: "Its liability was not contingent upon foreseeability of the 'extent of the harm or the manner in which it occurred.' The duty to foresee a risk of harm is dependent upon all the surrounding facts and circumstances and may require further investigation or inquiry before action is taken." 83 S.D. at 588, 163 N.W.2d at 346 (citations omitted). Considering Heckenlaible's knowledge of the dangers inherent in floor furnaces and of the fact that the Harvey Johnsons were in the process of moving out of the farm house, we believe that that duty fell squarely upon appellants.

With respect to appellants' second contention, we conclude that the placing of the rug over the grate several months earlier was not an intervening act of negligence. The rug would have been readily visible had Heckenlaible even cursorily checked the grate. In *Rikansrud,* supra, we said: " 'The intervening cause must be a superseding cause. It must so entirely supersede the operation of the defendant's negligence that it alone, without his negligence contributing thereto, produces the injury.' " 79 S.D. at 606, 116 N.W.2d at 241–2 (citation omitted). That was not the case here.

## II.

### Appeal # 12667

Cross-appellant's notice of appeal stated that the appeal was being taken "from that portion of the judgment which finds the plaintiff, Harvey Johnson, contributorily negligent and denies his recovery therein." The record reveals that the judgment entered in favor of Orville Johnson contains no such provision. No other form of judgment appears in the record. There being no judgment of record from which an appeal could have been taken pursuant to SDCL 15–26–1, the attempted cross-appeal must be dismissed. *Home Owners' Loan Corporation v. Papara,* 235 Wis. 184, 292 N.W. 281 (1940); *Rodgers v. Steiner,* 206 Minn. 637, 289 N.W. 580 (1940); *Harmon v. Hutchinson Ice Cream Co.,* 215 Iowa 1238, 247 N.W. 623 (1933). *See also* Annot., 73 A.L.R.2d § 16[a], at 291–295. We have held that the same rule applies in criminal cases. *City of Brookings v. Jensen,* 88 S.D. 526, 222 N.W.2d 911 (1974); *City of Pierre v. Smith,* 87 S.D. 340, 208 N.W.2d 11 (1973); *City of Pierre v. Lampert,* 70 S.D. 114, 15 N.W.2d 360 (1944).

Accordingly, the judgment in appeal # 12543 is affirmed, and appeal # 12667 is dismissed.

All the Justices concur.