STATE of South Dakota, Plaintiff
and Appellant,

v.

Andrew O. ANDERSON, Defendant
and Appellee.

No. 13386.

Supreme Court of South Dakota.

Argued Sept. 29, 1981.

Decided Feb. 17, 1982.

Steve Miller, Deputy State's Atty., Sioux Falls, for plaintiff and appellant.

N. Dean Nasser, Jr., Sioux Falls, for defendant and appellee.

MORGAN, Justice.

This intermediate appeal from an order of the circuit court, Second Judicial Circuit, Minnehaha County, South Dakota, concerns the suppression of certain evidence; a film canister which contained controlled substances. The trial court suppressed this evidence under the Fourth Amendment as an "unlawful, unreasonable search." We reverse and remand.

On September 21, 1981, the appellee (Anderson) ran a red light in the City of Sioux Falls. The violation was observed by police officer Cose (Cose), who then pulled him over. Anderson walked to Cose's vehicle and entered it while Cose wrote a traffic citation. During this time, Cose noted a strong odor of burnt marijuana on Anderson. After writing the ticket, Cose went to Anderson's partially open car window and looked in. From that position Cose noticed some suspicious items including what he determined to be marijuana seeds among some ashes. Thereupon Cose entered the Anderson car and seized several items within his plain view. While in the car, Cose observed a black and grey plastic film canister located in an open console between the driver's and the passenger seats. The console's interior was also in his plain view. Cose seized the canister. From experience, Cose knew it probably contained controlled substances. He shook the canister and heard a sound indicating that it contained something other than film. Then Cose opened the canister and discovered "plant material." Up to this point, Anderson was not in his car, had not consented to a search and had not been arrested.

The suppression motion was submitted to the trial court on the transcript of the preliminary hearing conducted by a law-trained magistrate. Therefore, the clearly erroneous scope of review does not apply to the circuit court's determination because the evidence consisted entirely of nonverbal communication. On review, we can fully examine all the evidence submitted to the trial court. *Ayres v. Junek*, 247 N.W.2d 488 (S.D.1976); *National Surety Corporation v. Shoemaker*, 86 S.D. 302, 195 N.W.2d 134 (1972); *Geo. A. Clark & Son, Inc. v. Nold*, 85 S.D. 468, 185 N.W.2d 677 (1971).

Anderson's motion to suppress evidence alleged:

### VIII

That the officer then, without probable cause, exigent circumstances or a warrant, seized the film container and proceeded to shake it; further, that he concluded from the audible sounds made while shaking the film canister that the canister probably did not have film in it.

### IX

The officer then opened the film container, without probable cause, exigent circumstances or a warrant.

The trial court announced from the bench,

I would suppress the material and the film container. I believe that the search was unlawful, unreasonable. I don't believe that the officer had any basis upon which to open it up and see what was in it. He could listen to it, at least he did, but I think he went too far certainly when he found out what was in there without a search warrant.

The court decision, though not a model of clarity, obviously ordered the suppression only upon the grounds that the officer improperly opened the canister. In effect, it approved the aural search accomplished by shaking the container.[1]

---

1. Anderson did not seek review of the propriety of the aural search.

■ The State argues that the search of the canister was justified by *State v. Burkman*, 281 N.W.2d 436, 440 (S.D.1979), where we upheld the seizure and search of a closed pharmaceutical bottle and a closed film tin. The containers were seized from inside a car parked in the vicinity of a pharmaceutical company that had been robbed recently. First, we held that the officer had probable cause to seize and search the pill bottle, that was in plain view, based on his knowledge of the robbery, location of the car, and defendant's furtive efforts to conceal the bottle. Second, we justified the later search of the closed tin under the *Carroll/Chambers* automobile exception to the Fourth Amendment warrant requirement. Police with probable cause to believe that an automobile which they have stopped contains contraband or evidence of a crime may search the vehicle without a warrant. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

■ Shortly after our decision, the U. S. Supreme Court held that the *Carroll/Chambers* exception did not apply to a search of luggage seized from the passenger compartment of a motor vehicle. *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) citing *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). The case held that where property was in the exclusive control of the police and a reasonable expectation of privacy in the container existed a warrant was necessary to search the container. Therefore, the instant search of the motor vehicle was permissible under the automobile exception within *Burkman*. Our inquiry, however, is not concluded. Next, we consider whether a person, not under arrest at the time of the seizure and search, has a privacy interest in a closed opaque film canister within a police officer's exclusive control which is protected by the warrant clause of the Fourth Amendment. We hold that the instant search was permissible within the *Chadwick/Sanders* line of cases.

*Sanders*, 442 U.S. at 764–5 n. 13, 99 S.Ct. at 2593–4 n. 13, 61 L.Ed.2d at 245 n. 13, states,

Not all containers and packages found by the police during the course of a search will deserve the full protection of the Fourth Amendment. . . . There will be difficulties in determining which parcels taken from an automobile require a warrant for their search and which do not. Our decision in this case means only that a warrant generally is required before personal luggage can be searched and that the extent to which the Fourth Amendment applies to containers and other parcels depends not at all upon whether they are seized from an automobile.

■ *Chadwick* and *Sanders* caused confusion among the courts and police, but slowly a "nature of the container" or "worthy container" test developed. The key inquiry in this test is the degree to which the container is protected by the owner's reasonable expectation of privacy. Any container which lacks such an expectation is subject to search upon probable cause. When the container manifests an expectation of privacy, such as containers "whose fundamental character is a repository for personal private effects," *Arkansas v. Sanders*, 442 U.S. at 762–3 n. 9, 99 S.Ct. at 2592 n. 9, a warrantless search is permissible only when a recognized exception other than the *Carroll/Chambers* exception to the warrant requirement applies. *Arkansas v. Sanders*, 442 U.S. at 764–5 n. 13, 99 S.Ct. at 2593–4 n. 13; *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); See, e.g., *Harris v. New York*, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968); *United States v. Presler*, 610 F.2d 1206, 1211 (4th Cir. 1979); *United States v. Ochs*, 595 F.2d 1247, 1256–8 (2d Cir. 1979).

The film canister in this instance in and of itself did not manifest an expectation of privacy. First, it was not specially sealed. The container was found placed in an open console of a car adjacent to a pipe commonly used for smoking marijuana. The car reeked of burnt marijuana and Cose was

aware that similar canisters were often used to hold marijuana. The container easily manifested that it did not contain film. No other apparent receptacle for marijuana was in view. The officer certainly had probable cause, after combining his observations and knowledge, to conclude that the film canister contained illegal substances and to search it without a warrant.

We do not agree that *Robbins v. California,* 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981), overrules the *Chadwick* "nature of the container" test. The *Robbins* plurality opinion includes language rejecting the proposition that the Fourth Amendment protects only containers that commonly hold personal effects, stating, that if the Amendment protects people and their effects, it protects impersonal, as well as, personal effects. The *Robbins* plurality, however, relied on the specially sealed and opaque nature of the containers in *Chadwick* and *Sanders* as a source of any expectation of privacy. The *Chadwick/Sanders* reasoning was simply applied to the similar opaquely wrapped and specially sealed packages searched in *Robbins.*[2]

Justice Powell concurred in the result of *Robbins* but specifically rejected a new "bright line" rule because of the precedent established in *Sanders.* He effectively reiterated his belief in the reasonable expectation of privacy rationale of *Chadwick* and *Sanders.* Chief Justice Burger merely concurred in the judgment. Justices Blackmun, Rehnquist and Stephens dissented.

The lack of a clear-cut majority opinion overruling the precedent of *Chadwick* and *Sanders* leaves us to view the *Robbins* decision as dispositive of that case only, and accordingly we reject appellee's argument that it overrules *Chadwick/Sanders.* We reverse and remand for trial.

All the Justices concur.

---

**2.** In *Chadwick,* the container was doubly locked. The defendant in *Sanders* had locked the container inside a car trunk. *Robbins* concerned a defendant's effort in wrapping contraband in opaque material and sealing the package with tape. *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), is inapposite because the instant search did not follow an arrest.