Marlyn G. ERICKSON, Individually and as Guardian of Brett Christopher Erickson, a minor, Plaintiff and Appellant,

v.

Ronald LAVIELLE and Jay Sadler, Defendants and Appellees.

No. 14726.

Supreme Court of South Dakota.

Argued March 6, 1985.

Decided May 29, 1985.

Allen G. Nelson of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for plaintiff and appellant; Joseph M. Butler of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, on brief.

Gene R. Bushnell of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for defendant and appellee Ronald Lavielle; Robert L. Lewis of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, on brief.

Franklin J. Wallahan of Wallahan Law Offices, Rapid City, for defendant and appellee Jay Sadler.

MORGAN, Justice.

This appeal is from a personal injury negligence action in which Marlyn G. Erickson (Erickson), individually and as guardian of his minor son, Brett Erickson (Brett), sought damages from the defendants Ronald Lavielle (Lavielle) and Jay Sadler (Sadler) on grounds that they negligently operated and controlled a pontoon motor boat and negligently supervised the minor children on board.[1] The trial court granted the defendants' motions for summary judgment. Plaintiff appeals. We reverse.

In the summer of 1979, the Lavielle, Sadler, Erickson and Gunwall families gathered at the Lavielle/Erickson cabin on Lake Angostura. Gene Farrens, a friend of Lavielle and Erickson, brought a pontoon boat owned by his father's corporation, Ken's Mobil Sales, Inc., to the Lavielle/Erickson cabin. The children of the four families attempted to take the boat out onto the lake by themselves.[2] When some of the parents expressed concern, Sadler and Lavielle hurried to catch the children and joined them for the boat ride.

The pontoon boat was propelled by an outboard motor mounted at the back of the boat. A safety rail enclosed the operator and passenger area of the deck. While some of the other children took turns operating the boat, Brett, his brother Troy, and one of the Sadler children left the area enclosed by the safety rail and sat on the front edge of the deck between the pontoons. Lavielle and Sadler were aware that the three children were sitting on the front of the boat. The three boys sitting on the front of the deck were kicking at the pontoon's wake and Brett reached his legs too far over the edge of the deck in order to get his feet in the water and fell overboard. He was caught in the propeller at the rear of the boat and injured.

The complaint alleges that Lavielle and Sadler had control of the use and operation of the pontoon at the time of the accident and that Brett's injuries were the direct and proximate result of the defendants' negligence and conduct in that they failed to control and operate the pontoon or to supervise and control the children on board.[3] Sadler's answer denies that any careless or negligent acts on his part caused or contributed to the accident. He further denies that he breached any duty owed to Brett. Sadler alleged that Brett's negligence caused or contributed to the boy's injuries. Lavielle's answer alleges that Brett's injuries were proximately

---

1. Kennedy Houseboats, Inc., the manufacturer of the pontoon boat and Ken's Mobil Sales, Inc. (Ken Farrens) were originally named as defendants in this action. Kennedy Houseboats settled with Erickson for $5,000. The full amount of that settlement was turned over to Erickson's attorney as partial payment of his fees. Ken's Mobil Sales, Inc. was granted a summary judgment and the action against them was dismissed.

2. There were nine children, ranging from ages 8 to 14 on the pontoon boat with Lavielle and Sadler.

3. In answer to Sadler's interrogatories, Erickson alleges that the defendants failed to maintain proper lookout and failed to exercise ordinary care in the supervision and control of the minor children. In answer to interrogatories submitted by Lavielle, Ken's Mobil Sales and Ken Farrens, Erickson contends that investigation and discovery revealed that Lavielle and Sadler agreed to supervise the children during the ride on the pontoon. Erickson also alleges that Lavielle and Sadler expressly or impliedly gave three or four children permission to sit on the front of the pontoon boat outside the protective railing. Erickson further alleges that the de-

caused or contributed to by the boy's own negligence and by his father's negligence.

Sadler moved for summary judgment on grounds that there was no genuine issue of fact as to (1) whether Sadler owed plaintiff Erickson a duty to prevent injury to Brett, (2) whether Sadler assumed a duty to prevent injury to Brett or to decrease the risk of injury to Brett, and (3) whether, in the event Sadler did owe a duty, any negligence on his part was imputed to Brett's parents thereby precluding their claim. Lavielle also moved the court for summary judgment. The trial court heard arguments on the defendants' motions for summary judgment, considered their counsels' briefs, reviewed the file, including discovery depositions, and determined that the defendants were entitled to summary judgment.

■ In its memorandum decision, which was incorporated in the summary judgment order, the trial court cited *Wilson v. Great Northern Railroad Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968), for this court's statement that negligence actions are not generally suited for summary disposition. We maintained that position in *Myers v. Lennox Co-op Assn*, 307 N.W.2d 863 (S.D.1981). Summary judgment was granted nevertheless. The trial judge noted that the plaintiff in a negligence action must establish that a duty existed in order to show that a standard of care or conduct was breached. *Johnson v. Straight's, Inc.*, 288 N.W.2d 325 (S.D.1980); *Cuppy v. Bunch*, 88 S.D. 22, 214 N.W.2d 786 (1974). The trial court quoted Restatement (Second) of Torts § 314 (1965): "The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action." The court summarized its holding on the duty owed as follows: "Simply because Sadler and Lavielle agreed to take the children on a boat ride, periodically told them no horseplay was allowed, and observed the children sitting outside the protective railing does not impose a duty on them." The trial court stated in its decision that Sadler and fendants knew or should have known that this

Lavielle demonstrated that (1) there was no genuine issue as to any material fact, (2) that Sadler and Lavielle owed no duty to Brett, and (3) that they were entitled to judgment as a matter of law. Summary judgment may be granted only where there is no genuine issue of material fact. *Myers, supra; Goff v. Wang*, 296 N.W.2d 729 (S.D.1980); *Wilson, supra*. The burden is on the movant to so show. *Blumhardt v. Hartung*, 283 N.W.2d 229 (S.D. 1979). On review of summary judgment orders, this court must consider the evidence in a light most favorable to the nonmoving party, in this case, Erickson. *Goff, supra; Blumhardt, supra; Wilson, supra*.

■ The issue before this court is whether Lavielle and/or Sadler owed a duty of due care to Brett. The existence of a duty owed by the defendant to the plaintiff, which requires the defendant to conform to a certain standard of conduct in order to protect the plaintiff against unreasonable risks, is elemental to a negligence action. *Leslie v. City of Bonesteel*, 303 N.W.2d 117 (S.D.1981); *Johnson, supra; Fenton v. Ackerman*, 66 S.D. 465, 285 N.W. 516 (1939); *Cook v. Bennet*, 94 Mich. App. 93, 288 N.W.2d 609 (1979). *See Waggoner v. Midwestern Development, Inc.*, 83 S.D. 57, 154 N.W.2d 803 (1967). A duty on the part of the defendant to protect the plaintiff from injury, a failure to perform that duty, and an injury to the plaintiff resulting from such failure are the elements of actionable negligence. *Johnson, supra; Cuppy, supra; Blumhardt, supra; Ecklund v. Barrick*, 82 S.D. 280, 144 N.W.2d 605 (1966); *Stoner v. Eggers*, 77 S.D. 395, 92 N.W.2d 528 (1958). This court has stated that

> [t]he issues of whether the defendant owed a duty to the plaintiff and whether the defendant's conduct proximately caused the plaintiff's injury are, in effect, so interrelated that they are generally treated as one in (sic) the same.

*Goff*, 296 N.W.2d at 730 (citing Prosser, Law of Torts, p. 244 et seq. (4th ed.1971)). An act of omission as well as commission practice was extremely dangerous.

may constitute the failure to exercise ordinary care. *Degen v. Bayman,* 86 S.D. 598, 200 N.W.2d 134 (1972). In either case, the act must be based on a duty of care owed by the defendant to the injured party or to a class of which the injured party is a member. *Waggoner, supra.*

"As a general rule, the existence of a duty, i.e., whether a relation exists between the parties such that the law will impose upon the defendant a legal obligation or (sic) reasonable conduct for the benefit of plaintiff, is to be determined by the court." *Cuppy,* 88 S.D. at 26, 214 N.W.2d at 789; *citing* Prosser, *Torts,* § 36, 3rd Ed., pp. 206, 207; *see* 57 Am.Jur.2d *Negligence* § 34 (1971). Usually, the determination of whether a defendant owes a duty to a plaintiff does not require examination of the facts; it is a question of law and summary judgment is appropriate when the trial judge resolves the duty question in the defendant's favor. *Cook v. Bennet,* 94 Mich.App. 93, 288 N.W.2d 609 (1979); *Fisher v. Johnson Milk Co., Inc.,* 383 Mich. 158, 174 N.W.2d 752 (1970).

Although it states a harsh rule, Restatement (Second) of Torts § 314 (1965) is, nevertheless, the majority rule. Certain special relationships between the parties, however, may create exceptions to the general rule. Restatement (Second) of Torts, § 314A, Comment B (1965). *See Snyder v. First Federal Savings and Loan,* 90 S.D. 440, 241 N.W.2d 725 (1976); *Delgado v. Lohmar,* 289 N.W.2d 479 (Minn.1980). Subsection (4) of Restatement (Second) of Torts, § 314A reads: "One who is required by law to take or who *voluntarily takes the custody of another* under circumstances such as to deprive the other of his normal opportunities for protection is under a similar duty to the other." (Emphasis added.) As noted in Prosser on Torts, § 56, 5th ed., pp. 379–80:

> Due to its apparent harshness ... the old rule [Restatement § 314] has served chiefly as a point of departure; and very little extra is required for the assumption of the duty.... The duty is of course all the more clear when he has actually entered upon performance of the promise..... Where performance clearly has

begun, there is no doubt that there is a duty of care.

This court has stated that although "there is no general duty to come to the assistance of a person ... unable to look out for himself ... once a person ... undertakes to render assistance, the law imposes on him the duty of reasonable care toward the assisted." *Steckman v. Silvermoon,* 77 S.D. 206, 211, 90 N.W.2d 170, 173 (1958).

As the trial court noted in its memorandum opinion: "Sadler and Lavielle agreed to take the children on a boat ride." This agreement was not with the children, but with some parents who objected to the children taking the boat out on the lake unsupervised. Up to the point that Sadler and Lavielle boarded the boat, Mrs. Erickson could have ordered Brett off the boat. Once the boat left the shore, she was no longer in a position to supervise or protect him. Additionally, the trial court noted that the defendants apparently exercised some degree of supervision in that they "periodically told them no horseplay was allowed."

In our opinion, viewing the record in a light most favorable to Erickson, as we must, the question of whether Sadler and Lavielle or either of them voluntarily assumed a duty was clearly for the jury.

The trial court erred in granting summary judgment when it applied the Restatement of Torts § 314, which would be applicable only if the facts were viewed in a light most favorable to the moving party. It should have applied the Restatement of Torts § 314A and permitted an examination of whether Sadler and Lavielle, or either of them, assumed a duty to Brett.

We reverse and remand.

All the Justices concur.

WUEST, Circuit Judge, acting as a Supreme Court Justice, participating.