YANKTON PRODUCTION CREDIT AS-
SOCIATION, Plaintiff and Appellee,

v.

Jerome E. JENSEN and Connie M.
Jensen, Defendants and
Appellants.

Nos. 15614, 15623.

Supreme Court of South Dakota.

Considered on Briefs May 21, 1987.

Decided Dec. 9, 1987.

Steven M. Johnson of Brady, Kabeiseman, Reade & Johnson, Yankton, for plaintiff and appellee.

Roger W. Hunt, and Fred Hendrickson, Sioux Falls, for defendants and appellants.

MORGAN, Justice.

Defendants and appellants, Jerome E. Jensen and Connie M. Jensen (Jensens), appeal from a judgment of foreclosure entered following a court trial. Plaintiff and appellee, Yankton Production Credit Association (PCA), filed a notice of review. We affirm the trial court on Jensens' appeal.

For some years prior to 1980, Jensens borrowed money from the PCA to finance their farming operation. The loans were evidenced by duly executed promissory notes, secured by mortgages and security agreements. As was the case with many farmers, Jensens ran into financial problems in the early 1980s and began falling into default on their payments to PCA. Beginning in 1983, PCA urged Jensens to find other financing or to liquidate because PCA could no longer carry them. The maturity date of the loan was extended to November 1, 1984, based on a memorandum of understanding, signed by the parties, signifying that PCA was to be paid in full and would not continue financing Jensens. The November 1 date passed without payment and PCA finally instituted this action for foreclosure on March 13, 1985.

Jensens responded with an answer alleging affirmative defenses of failure of PCA to grant forbearance and other violations of the Farm Credit Act (FCA) (12 U.S.C. § 2001, *et seq.* (1980)). Jensens also filed a counterclaim, in five counts, asking unspecified actual damages and for punitive damages in the sum of $250,000. Several of these counts were based on alleged noncompliance with the FCA.

The trial court took evidence on the foreclosure action on October 9 and 10 and entered its first memorandum opinion on January 10, 1986. Upon motion for reconsideration, the trial court amended the first decision and rendered a second opinion denying Jensens' affirmative defenses to foreclosure and dismissed such counts of the counterclaim as were based on the FCA. The trial court, however, denied PCA's motion to dismiss all of the counts of the counterclaim, preserving those based on state claims. Judgment of foreclosure was entered and Jensens appeal this adverse judgment. From the trial court's refusal to dismiss all counts of Jensens' counterclaim, PCA filed notice of review.

Jensens state the issue generally, "whether the trial court erred in dismissing appellant's (sic) affirmative defenses based upon the bank's violation of certain mandates of the Farm Credit Act of 1971, as amended." More specifically, they urge two points: 1) The trial court erred in applying the "no private right of action" theory to this case; and 2) the Act, as amended, and the forbearance requirements (12 C.F.R. § 614.4510), provided a valid defense to foreclosure.

■ At the outset, we should note that this case is a companion case to *Federal Land Bank v. Jensen*, 415 N.W.2d 155 (S.D.1987), in conference, but the issues are quite different. One primary distinction is that this case centers on the FCA as it was prior to the 1985 Amendments. The foreclosure action in this case was commenced

and judgment entered before the effective date of the 1985 Amendments. We would further express our dissatisfaction with the many references to the trial court's memorandum opinions in appellants' brief, particularly the references to the first opinion, which was reconsidered by the trial court on motion by PCA and materially changed by the second opinion. This court has repeatedly held that the memorandum opinion is merely an expression of the trial court's opinion of the facts and the law. It has no binding effect. The findings of fact and conclusions of law and judgment, as signed by the judge, are the binding statement of adjudication. *Connelly v. Sherwood*, 268 N.W.2d 140 (S.D.1978); *Christiansen v. Strand*, 82 S.D. 416, 147 N.W.2d 415 (1966). Yet, in this case, appellants' brief refers constantly to the trial court's memorandum opinions. We must disregard all such references. We will, instead, rely on the trial court's findings of fact and conclusions of law to express its decision.

█ The thrust of this appeal is Jensens' claim that the trial court erred in adopting the holding in *Smith v. Russellville*, 777 F.2d 1544 (11th Cir.1985), when he said in Finding of Fact No. 14: "That the forbearance policy of the Yankton Production Credit Association is not mandatory as to any particular borrower." Jensens would have us eschew the *Smith* holding and adopt the holding of a federal district court judge in *DeLaigle v. Federal Land Bank of Columbia*, 568 F.Supp. 1432 (S.D.Ga. 1983).

Both decisions involved the effect of 12 C.F.R. § 614.4510(d)(1), which provides in pertinent part:

(d) In the development of the bank and association policies and procedures, the following criteria shall be included:

(1) ... The policy shall provide a means of forbearance for cases when the borrower is cooperative, making an honest effort to meet the conditions of the loan contract, and is capable of working out of the debt burden.

In the *Smith* case, Smith and others sought compensatory and punitive damages against the Federal Land Bank for, among other things, violations of the requirements of the FCA and the regulations promulgated thereunder. The 11th Circuit panel held, in essence, that the FCA and the regulations did not give borrowers private rights which would give rise to a cause of action against the lender because the regulation was not a *substantive* rule; but, rather, it fell into the category of interpretive rule, general statement of policy, or rule of agency organization, procedure, or practice.

In *DeLaigle*, an action seeking a temporary injunction to halt a nonjudicial foreclosure of plaintiff's real property securing farm loans, the district judge first determined that the regulation was a substantive rule, duly adopted by authority of the FCA and in accord with the procedural requirements of the Administrative Procedures Act.

While both sides argued the merits of the respective rationale, we find that, in view of the record before us, we do not have to decide which rationale we should adopt. This will become apparent as we discuss the issues raised by Jensens in inverse order.

In the second issue, Jensens argue that violation of the forbearance requirement of the regulation constitutes a valid defense to the foreclosure action. How a right of action for damages under the *DeLaigle* rule would constitute a condition precedent to a foreclosure action they do not explain, nor do they furnish any authority to support that leap of logic. But that is immaterial, for although Jensens assert in their brief: "If, as the trial court found in the present case, forbearance has not been provided, then that failure on the part of the PCA should be permitted as an affirmative defense in resistance to foreclosure," the record says otherwise. The trial court's Finding of Fact No. 15 specifically found: "That the Yankton Production Credit Association, in actuality, forbore its rights to

foreclose against the [Jensens] for at least three (3) years prior to this action being commenced." The statement in the brief is such a bald-faced misstatement of a crucial factual holding that it is hard to conceive that it was merely a misinterpretation. Nowhere in their brief do Jensens raise any issue as to the sufficiency of the evidence to support the trial court's findings so that issue is waived. It is our determination, therefore, that in view of the fact that Jensens did in fact receive forbearance for a period of three years, they suffered no loss of rights under either view of the regulation and we affirm the decision of the trial court on that issue.

■ We turn then, briefly, to the first issue raised by Jensens. They argue that even the cases that hold that the FCA does not grant a private right of action make an exception as to 12 U.S.C. §§ 2201 and 2202 and counsel states in his brief: "The trial court in the present case clearly determined that the PCA had violated 12 U.S.C. Sections 2201 and 2202." But 2201 speaks of "every applicant for a loan" and 2202 likewise refers to "any loan applicant" and we read in the record the trial court's findings of fact which state:

9. That the Plaintiff granted to the Defendants in 1984 the full amount of the requested funds to be loaned to the Defendants from the Plaintiff pursuant to a loan application.

10. That the Defendants made no loan application to the Plaintiff in 1985.

11. That the Plaintiff did not deny credit or reduce credit to the Defendants in 1983, 1984, or 1985.

In view of those trial court findings, which the Jensens have not contested in this appeal, there does not appear to be any violation of Jensens' rights with respect to 2201 or 2202 of which they can complain. We also affirm the trial court as to the first issue.

In its notice of review, PCA claims the trial court erred in not dismissing all counts of Jensens' counterclaim and in fail-

ing to dismiss Jensens' claim for punitive damages. We deal first with the punitive damages issue.

■ Under South Dakota law, one seeking punitive damages must show malice on the part of the party from whom damages are sought. SDCL 21–1–4.1 and SDCL 21–3–2; *Hulstein v. Meilman Food Industries, Inc.,* 293 N.W.2d 889 (S.D. 1980); *Baumgartner's Electric Construction Co. v. DeVries,* 77 S.D. 273, 91 N.W. 2d 663 (1958), *rev'd on other grounds* 359 U.S. 498, 79 S.Ct. 1117, 3 L.Ed.2d 976 (1959). In the instant case, the trial court specifically found that Jensens admitted there was no bad faith, ill-will, or malice by the PCA toward Jensens and, defendants having raised no issue as to that finding, we now determine that the trial court erred in not striking the prayer for exemplary damages in response to PCA's motion. Allegations of bad faith, ill-will and malice should also be stricken from each count of Jensens' counterclaim.

Jensens' counterclaim consisted of five counts. I. Breach of statutory duty. II. Breach of implied contract. III. Breach of express contract. IV. Breach of fiduciary duty. V. Negligence. At trial the court dismissed Counts I and IV on the basis that these counts were grounded on violations of the FCA and regulations promulgated thereunder. Upon a review of the findings of fact, we agree that Jensens failed to state a claim upon which relief can be granted.

■ PCA's motion to dismiss was denied as to the remaining counts. We deal with these counts separately. As to Count II of defendants' counterclaim, the trial court apparently determined that the count on breach of implied contract was not founded on the FCA, rules and regulations adopted pursuant thereto, and we cannot say that the trial court was clearly in error as to that point. However, Count II is predicated on the terms of the financing contracts. It is Jensens' position that these contracts imply a duty on the part of the PCA to (1)

make every effort to stay with the defendants; (2) consider forbearance; and (3) abstain from foreclosure where possible. Because these contracts are nonverbal evidence, we are free to fully review the same and are not limited by the clearly erroneous rule set forth in SDCL 15–6–52(a). *Haggar v. Olfert,* 387 N.W.2d 45 (S.D.1986); *State v. Anderson,* 316 N.W.2d 105 (S.D.1982); *Ayres v. Junek,* 247 N.W.2d 488 (S.D.1976). We find no language in the financing documents to support an implied contract to: (1) stay with financially distressed borrowers; (2) consider forbearance; or (3) abstain from foreclosure where possible. Accordingly, we reverse the trial court as to Count II.

■ In Count III, breach of express contract, it appears the issues do not relate to the FCA, but rather to the actions of the parties. We determine that the question of the existence of the express contract and the question as to any breach thereof would be questions of fact. Therefore, as we cannot say there is no material issue as to those questions of fact, we cannot say the trial court was in error as to its ruling on this count and affirm. However, as previously noted, the allegation of bad faith must be stricken.

■ We reverse the trial court as to Count V, Negligence. The first requirement for an action in negligence is to establish that a duty exists in order to show that a standard of care has been breached. *Erickson v. Lavielle,* 368 N.W.2d 624 (S.D. 1985); *Johnson v. Straight's, Inc.,* 288 N.W.2d 325 (S.D.1980). In this case it is clear that the only duty Jensens rely on to sustain their claim is based on the provisions of the FCA and the regulations promulgated thereunder. Therefore, in conformity with the trial court's previous holdings, the count on negligence should have been stricken also.

In summation, we affirm the trial court on both issues raised by the Jensens, and on the ruling on Count III of the counterclaim, but reverse on the issue of punitive damages and on the rulings on Counts II and V of the counterclaim.

WUEST, C.J., and MILLER, J., concur.

HENDERSON, J., concurs in result without writing.

SABERS, J., concurs in part and dissents in part.

SABERS, Justice (concurring in part and dissenting in part).

I concur in all respects except that I would affirm the trial court on Count II also. It appears to me that Count II was predicated *not only* on the terms of the financing contracts, as the majority concluded, but also on conversations, the course of dealing, and correspondence. Therefore, there is a genuine issue of material fact for the jury on whether there is an implied duty on the part of the PCA to (1) make every effort to stay with the defendants; (2) consider forbearance; and (3) abstain from foreclosure where possible. Because there is verbal and nonverbal evidence, we are limited by the clearly erroneous rule and we should affirm unless the findings of fact were clearly erroneous.