## CIRCUIT COURT OF NORTHAMPTON COUNTY

John C. Wynder

v.

Jemal K. Laventure et al.

April 26, 1994

Case No. (Law) 93CL056

BY JUDGE GLEN A. TYLER

The issue before the Court is whether the operator of a motor vehicle, who leads another in a following motor vehicle and both of whom are driving negligently, could be responsible for injury to a third person caused by the following vehicle.

In his motion for judgment, Plaintiff alleges that three motor vehicles traveled together on a highway. It was at dusk, getting dark. The first driver was the leader and the other two were following him to the same destination. All three were speeding at approximately eighty miles per hour in a fifty-five mile-per-hour zone. They had continued as leader and followers for an extended time and over extended miles. They were all members of the same organization on a joint enterprise for that organization. They were respectively leader and followers when the second car lost control and caused injury to the Plaintiff who was at an intersection preparing to enter the highway.

Defendant demurs arguing that the leader, though negligently speeding while knowing the follower was following and also speeding, is not responsible for injury caused by the follower.

Counsel for Plaintiff and Defendant have informed the Court that there is no case in Virginia fully dispositive of the issue, and the Court has been unable to find any. The precedents regarding persons involved in a mutual race on the highway, while similar, are not factually close enough to be as helpful as they may at first appear. *Oppenheimer v. Linkous' Adm'x*, 159 Va. 250, 165 S.E. 385 (1932).

Nevertheless, it has been established in other jurisdictions that persons acting in concert may each be responsible for injury to another. They are contributing tortfeasors in certain circumstances. In the *Restatement of Torts*, it is stated:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Restatement (Second), Torts § 876.

In support of his demurrer, Defendant cites *Cuppy v. Bunch*, 214 N.W.2d 786 (S.D. 1974). But that case is not on point. There an analysis of the facts reveals the driver of the leading vehicle was himself not negligent by merely leading in a lawful manner. Also, the case apparently was argued differently since the *Cuppy* Court noted no duty upon that leading defendant to control the conduct of the following defendant, and no special relationship existed. *See* Restatement (Second), Torts § 315.

The case cited by Plaintiff, *Bellamy v. Edwards*, 354 S.E.2d 434 (Ga. 1987), is on point. That case illustrates the culpability of "encouragement." See also *Kilpatrick v. Foster*, 364 S.E.2d 588 (Ga. 1987).

In the case at bar, it will be for the jury to decide upon evidence at trial whether the Defendants were acting in concert and thus contributing tortfeasors. The Defendant's demurrer is denied.