No. 61,570

MARCIA L. THIES, *et al., Plaintiffs,* v. MICHAEL COOPER, *et al., Defendants,* and NOREEN MALCHOW, *Plaintiff,* v. MICHAEL COOPER, *et al., Defendants.*

(753 P.2d 1280)

Opinion filed April 29, 1988.

*Gary D. McCallister,* of Davis, Wright, Unrein, Hummer & McCallister, of Topeka, argued the cause and *Kerry M. Gasper,* of the same firm, was with him on the brief for plaintiffs.

*Paula J. Wright,* of King, Adrian, King & Brown, Chtd., of Salina, argued the cause and *Robert M. Adrian,* of the same firm, was with her on the brief for defendant V & M Distributing, Inc.

*Donald W. Vasos* and *David A. Hoffman,* of Vasos, Kugler & Dickerson, of Kansas City, were on the brief for *amicus curiae* Kansas Trial Lawyers Association.

*John W. Mize* and *James P. Mize,* of Clark, Mize, & Linville, Chartered, of Salina, were on the brief for *amicus curiae* Kansas Association of Defense Counsel.

The opinion of the court was delivered by

LOCKETT, J.: Under the authority of the Uniform Certification of Questions of Law Act, K.S.A. 60-3201 *et seq.,* the United States

District Court, Wichita, Kansas, asks: whether, under Kansas law, an employer who makes available free cereal malt beverages in uncontrolled amounts to its employees on the employer's premises may be held liable for all foreseeable consequences of its acts and omissions, including torts committed by employees while driving home from the workplace in an intoxicated condition. We conclude: An employer is liable for the tortious acts of his employee only under special circumstances. Special circumstances exist when the employee is on the employer's premises, performing work for the employer, or using the employer's chattel, when the employer voluntarily assumes a duty to control the employee, or when the employer negligently retains a known incompetent or unfit employee. Absent special circumstances, an employer owes no duty to a third party for tortious acts of an employee who, after consuming alcohol on the employer's premises, leaves the employer's premises and, while off duty, injures a third party. The answer to the certified question is, "No."

The parties have stipulated to the following facts. Defendant Michael Cooper was employed by V&M Distributing, Inc., (V&M) a beer wholesaler, as a route driver. V&M provides a hospitality lounge on its premises where cereal malt beverages, soda pop, and coffee are provided without cost to employees and customers. The hospitality room was used for training retailers, community activities, and as an employee lounge. It was common practice for V&M employees to consume cereal malt beverages on the premises during work hours. V&M's policies state "all work is to be completed before using the lounge." V&M's policy manual states:

"Our products should always be presented as products of moderation; therefore, we should only serve or consume a couple of beers while using the hospitality area. Let's all work towards projecting a positive image through the availability of our fine facility."

V&M had no other policy specifically limiting the amount of beer an employee could consume.

On June 14, 1985, Cooper left V&M en route to his home when he lost control of his vehicle and struck and killed a pedestrian, A. R. Thies, whose body then struck and injured Noreen Malchow. Cooper's blood alcohol level measured .22% by weight.

Cooper stated he had drunk approximately six or seven beers within the 24 hours preceding the time of the collision. Cooper had no reported history of excessive drinking or of driving a vehicle while intoxicated. No one at V&M was aware that Cooper was intoxicated when he left the workplace. However, the general manager of V&M conceded that it was foreseeable that an employee could overconsume beer in the hospitality room and then become involved in an automobile collision resulting in injury.

Plaintiffs filed suit in the United States District Court for the District of Kansas against Cooper and V&M. The claim against V&M alleged that a special relationship existed between Cooper and V&M by virtue of the employer-employee relationship, that V&M was negligent in providing free intoxicants to its employees on its premises in unlimited quantities, and that V&M was liable for all foreseeable consequences of its acts. V&M filed a motion to dismiss and Judge Kelly withheld a ruling finding no applicable Kansas precedent on the issue of employer liability under these facts.

Negligence is never presumed. *Wicina v. Strecker*, 242 Kan. 278, 280, 747 P.2d 167 (1987). Negligence exists when there is a duty owed by one person to another and a breach of that duty occurs. Whether duty exists is a question of law. *Durflinger v. Artiles*, 234 Kan. 484, 488, 673 P.2d 86 (1983). It is the general rule that an actor has no duty to control the conduct of a third person to prevent that person from causing harm to others unless a "special relationship" exists between the actor and the third person or the actor and the injured party. Restatement (Second) of Torts § 315 (1963).

Normally, an employer is under no duty to control the conduct of an employee acting outside the scope of employment. Plaintiffs claim a special relationship exists here because the employer's act of negligence occurred while the employee was on the employer's premises and the employee was subject to the employer's control. They also argue that the employer who provides intoxicating beverages to an employee in unlimited quantities knows or should know that the employee could become intoxicated and drive home from work in an intoxicated condition. Under such circumstances, plaintiffs contend the em-

ployer assumes the risk of injury to third persons caused by the negligent act of the intoxicated employee.

Plaintiffs rely on four cases for support; all four are inapposite. Primary reliance is placed on the Texas decision of *Clark v. Otis Engineering Corp.*, 633 S.W.2d 538 (Tex. App. 1982), *aff'd* 668 S.W.2d 307 (Tex. 1983). Texas is similar to Kansas in not having a dram shop act. *Otis* involved a wrongful death action brought against an employer after plaintiff's decedents were killed in an automobile accident involving an intoxicated Otis employee. The facts in the case were compelling: the employee, Matheson, had a history of drinking on the job; on the night of the accident Matheson's supervisor knew Matheson was seriously intoxicated, removed him from his work station, and escorted him to the parking lot to his car. This was done even though Otis maintained a nurse's station on the premises. The supervisor testified he was afraid that Matheson might have an accident. In other words, the employer had *specific knowledge* that Matheson was intoxicated and *affirmatively undertook* to control the situation. The Texas Supreme Court, in a 5-4 decision, adopted the following standard of duty:

"[W]hen, because of an employee's incapacity, an employer exercises control over the employee, the employer has a duty to take such action as a reasonably prudent employer under the same or similar circumstances would take to prevent the employee from causing an unreasonable risk of harm to others. 668 S.W.2d at 311.

Four justices disagreed, reasoning that, even in this case, the employer had no duty to control the employee, absent a custodial relationship such as warden/prisoner.

A subsequent Texas case has indicated that the duty imposed on the employer in *Otis* resulted solely from the employer's affirmative act of taking control of the intoxicated employee. In *Pinkham v. Apple Computers, Inc.*, 699 S.W.2d 387 (Tex. App. 1983), plaintiffs sued the employer, Apple, for wrongful death and injury resulting from an accident which occurred when an employee, who had become intoxicated at an employer-sponsored party, struck plaintiffs while driving home. Depositions revealed that the employee had exhibited behavior which indicated intoxication, but that the employer had taken no steps to control the employee. The Texas Court of Appeals held that,

since *Otis* required an affirmative act, no duty would be imposed upon the employer in this case. The Court stated:

"Texas does not have a Dram Shop Act which imposes liability on the provider of alcoholic beverages for subsequent off-premises acts of negligence by patrons or guests. The gist of appellants' contention is that they seek the establishment by judicial decree of liability on a provider of alcoholic beverages for subsequent acts of negligence by an imbiber due to intoxication. This we refuse to do." 699 S.W.2d at 390.

The next case cited by plaintiffs is *Chastain v. Litton Systems, Inc.*, 694 F.2d 957 (4th Cir. 1982). *Chastain* involved a wrongful death action against an employer who sponsored a company Christmas party and allegedly allowed an intoxicated employee to leave the party. The court, applying North Carolina law, noted that North Carolina had modified the common law to impose liability upon persons who dispense alcohol for business purposes for torts committed by imbibers of the alcohol. This modification disclosed a state policy of liability for dispensers of alcohol other than social hosts. Therefore, a jury question was presented as to whether the employer was acting as a social host or for business purposes and, if for business purposes, whether the employer had been negligent in furnishing alcohol, knowing the employee had become intoxicated. *Chastain* does not support plaintiffs' argument here because it is based upon a state public policy which does not exist in Kansas.

In *Robertson v. LeMaster*, _____ W. Va. _____, 301 S.E.2d 563 (1983), the court imposed a duty on an employer who *required* his employee to work over 27 consecutive hours before permitting him to drive home (over 50 miles away). The exhausted employee fell asleep at the wheel and was involved in a collision. The court ruled it was a jury question whether the employer's conduct prior to the accident had created a foreseeable and unreasonable risk of harm to others. 301 S.E.2d at 570. However, the basis for the *Robertson* decision was the employer's affirmative conduct in requiring the employee to work almost four consecutive shifts. Here, V&M did not require its employees to use the hospitality lounge or drink beer.

In *McCarty v. Workmen's Comp. Appeals Bd.*, 12 Cal. 3d 677, 117 Cal. Rptr. 65, 527 P.2d 617 (1974), an employee attended an office party, became intoxicated, collided with a railroad signal

pole on the way home, and was killed. His wife brought a workers' compensation action for death benefits. The California Supreme Court found that, for purposes of recovery, the employee's drinking occurred within the scope of employment. This case is distinguishable primarily because the public policies underlying recovery under a state workers' compensation system are completely different from the policy which imposes third-party liability for drunken driving.

The majority of jurisdictions have refused to impose liability on employers who have furnished liquor to employees for injury which occurred when the employee became intoxicated and caused injury to a third party off the premises. Some jurisdictions have reached this decision even in cases where the employer had knowledge of the employee's intoxicated state. *Whittaker v. Jet-Way, Inc.,* 152 Mich. App. 795, 394 N.W.2d 111 (1986) (no liability for furnishing liquor to intoxicated employee at Christmas party). See also *Martin v. Palazzolo Produce Co., Inc.,* 146 Ill. App. 3d 1084, 497 N.E.2d 881 (1986) (no liability where employer invited employee to have some drinks with him at the workplace); *Burkhart v. Brockway Glass Co.,* 352 Pa. Super. 204, 507 A.2d 844 (1986) (no liability in wrongful death action where employer furnished alcohol to visibly intoxicated employee at business meeting). See cases cited in Annot., 51 A.L.R.4th 1048. Most jurisdictions finding the employer liable require, at a minimum, that the employee have been obviously intoxicated: *Chastain v. Litton Systems Inc.,* 694 F.2d 957; *Dickinson v. Edwards,* 105 Wash. 457, 716 P.2d 814 (1986). See Comment, *Employer Liability for a Drunken Employee's Actions Following an Office Party: A Cause of Action Under Respondeat Superior,* 19 Cal. W. L. Rev. 107 (1982).

A few jurisdictions have held an employer liable under the theory of *respondeat superior,* where the facts are sufficient to raise a jury question of whether the employee was within the scope of employment: *Harris v. Trojan Fireworks Co.,* 120 Cal. App. 3d 157, 174 Cal. Rptr. 452 (1981) (sufficient connection between employment and employer's Christmas party to raise scope of employment issue); *Romeo v. Van Otterloo,* 117 Mich. App. 333, 323 N.W.2d 693 (1982) (employee within scope of employment while on the way home from business party which

furthered employer's interest); *Dickinson v. Edwards*, 105 Wash. 457 (recognizing liability under theory of respondeat superior where employee became intoxicated at business banquet he was required to host).

In Kansas, two recent cases are controlling and answer the certified question. The first case, *Ling v. Jan's Liquors*, 237 Kan. 629, 703 P.2d 731 (1985), was decided prior to the certification of the question, and the second case, *Meyer v. Grubaugh*, 242 Kan. 716, 750 P.2d 1031 (1988), was decided after the question was certified. The only distinguishing fact between *Meyer* and this case is that here, the employer furnished the alcohol to the employee. However, in *Meyer*, the employer stipulated that he knew or should have known that the employee was intoxicated. Here, neither the employer nor any co-workers were aware that the employee was intoxicated.

In *Ling*, a Missouri vendor illegally sold alcohol to a minor who became intoxicated and caused injury to the Kansas plaintiff. The majority of this court refused to modify the common law, and determined, apart from statute, that no redress exists against persons who sell, give, or furnish intoxicating liquor for resulting injuries or damages due to the acts of intoxicated persons, either on the theory that the dispensing of the liquor constituted a direct wrong or that it constituted actionable negligence. The majority stated that the decision whether to impose civil liability upon suppliers of alcohol for the torts of their intoxicated patrons is a matter of public policy reserved for legislative action. 237 Kan. at 640. Since the decision in *Ling*, the Kansas legislature has been in session twice and has not acted to modify the common law by imposing civil liability upon a vendor who, in violation of a statute, sells liquor to a minor who subsequently becomes intoxicated and injures another.

In *Meyer v. Grubaugh*, 242 Kan. 716, the plaintiff was injured when his car was struck by a car driven by a state employee on his way home from work. The employee had become intoxicated after consuming several cans of beer during work hours in his car located in a parking lot leased by his employer. The plaintiff sued both the employee and the employer, claiming liability on the part of the employer because of the "special relationship" which exists between an employer and employee, citing the Restatement (Second) of Torts §§ 315 and 317 (1963).

We noted that § 317 imposes liability upon the employer for tortious acts of his employee only in limited circumstances, specifically if the employee is on the employer's premises or using the employer's chattel. We also recognized that employer liability may exist when an employer voluntarily assumes a duty to control the employee or when the employer negligently retains a known incompetent or unfit employee and concluded:

"Absent special circumstances, a private employer owes no duty to a third party for tortious acts of an employee who, after consuming alcohol on the employer's premises, leaves the employer's premises and while off duty injures the third party." 242 Kan. at 716, Syl. ¶ 2.

We conclude: An employer is liable for the tortious acts of his employee only under special circumstances. Special circumstances exist when the employee is on the employer's premises, performing work for the employer, or using the employer's chattel; when the employer voluntarily assumes a duty to control the employee; or when the employer negligently retains a known incompetent or unfit employee. Absent special circumstances, an employer owes no duty to a third party for tortious acts of an employee who, after consuming alcohol on the employer's premises, leaves the employer's premises and, while off duty, injures a third party. The answer to the certified question is, "No."