**Timothy H. STEPNES, et al.,**
**Appellants,**

v.

**Muriel ADAMS, et al., Defendants,**

**Susan Sage, Respondent.**

**No. C6–89–1584.**

Court of Appeals of Minnesota.

March 6, 1990.
Review Denied May 7, 1990.

John Harper, III, Dunkley, Bennett & Christensen, P.A., Minneapolis, for appellants.

James Reding, St. Paul, for defendants.

Dale B. Lindman and Victor E. Lund, Mahoney, Dougherty & Mahoney, Minneapolis, for respondent.

James C. Wicka, Minneapolis, for amicus curiae, Mothers Against Drunk Driving.

Considered and decided by CRIPPEN, P.J., and GARDEBRING and FLEMING,* JJ.

GÁRDEBRING, Judge.

Appellant Timothy Stepnes was rendered quadriplegic as the result of a hit-and-run car accident. Stepnes commenced a personal injury action against the driver, Muriel Adams, her companion, respondent Susan Sage, and Dick & Mary's Bar, the tavern where Adams and Sage had been drinking immediately prior to the incident. The trial court granted summary judgment in favor of Sage and dismissed Stepnes' claims against her. Stepnes appeals, contending that Sage owed him a duty of care and that the case should be remanded for trial on the issues of breach of duty and foreseeable consequences. We affirm.

## FACTS

Adams and Sage were friends who met after work for drinks at Dick & Mary's Bar on March 7, 1988. After approximately three hours, Adams had consumed four to six beers, several shots of tequila, and a kamikaze. Sage was drinking beer and shots of root beer schnapps.

Adams and Sage admit knowing that Adams was intoxicated while they were at the bar. Adams' friend, Pat Wicker, offered to drive Adams home because he thought she was not able to drive; there was some evidence that Sage refused the offer, saying that she would take Adams home.

At 6:30 p.m., Adams and Sage left the bar. Adams vaguely recalls being helped into her car. Adams' car was first out of the parking lot, followed by Sage's car. Sage testified that Adams swerved all over the road and, at times, she could not see Adams' head. Sage observed Stepnes jogging on the shoulder of the opposite side of the road. She saw Adams swerve across the yellow center line, across the opposite lane of traffic, and onto the shoulder where Adams struck Stepnes. Adams made no effort to stop to assist Stepnes and neither did Sage. Stepnes was rendered an incomplete quadriplegic as a direct result of this hit-and-run accident. At no time did Sage attempt to stop Adams from driving or to warn Stepnes of potential danger.

Adams was convicted of leaving the scene of an accident involving great bodily harm and criminal vehicular operation resulting in injury. Minn.Stat. §§ 169.09, subd. 1 and 609.21, subd. 2 (1988). In Stepnes' civil suit, the trial court granted summary judgment for Sage.

Stepnes appeals, contending Sage owed him a duty based upon a special relation-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

ship arising from Sage's assumption of responsibility for Adams' actions, and common law negligence.

## ISSUE

Did Sage owe Stepnes a duty of reasonable care, thus rendering summary judgment inappropriate?

## ANALYSIS

On appeal from a summary judgment the reviewing court determines whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989).

The facts in this case are not disputed; rather, the parties disagree as to whether Sage owed Stepnes a duty of reasonable care.

Generally, a person has no duty to act for the protection of others. Restatement (Second) of Torts § 314. In particular, a defendant has no general duty to control the conduct of a third person so as to prevent injury to another. Restatement (Second) of Torts § 315; *Lundgren v. Fultz*, 354 N.W.2d 25, 27 (Minn.1984). However, a duty may arise, growing out of the nature of the relationship between the individuals.

Whether a duty exists depends on two factors: (1) whether a "special relationship" existed between the defendant and the third person and (2) the forseeability of the harm.

*Lundgren*, 354 N.W.2d at 27.

To establish a duty of reasonable care, Stepnes must provide evidence that a special relationship existed between Sage and Adams obligating Sage to exercise control over Adams' conduct. Restatement (Second) of Torts § 315(a). Stepnes contends that a special relationship arose because of the following affirmative acts of Sage which occurred after the drinking stopped:

1. declining Pat Wicker's offer to drive Adams home;
2. telling Wicker she would take Adams home;
3. assisting Adams into the driver's seat of Adams' vehicle;
4. following Adams and making no effort to stop Adams from driving upon observing Adams swerving over the center line; and
5. failing to warn Stepnes upon realizing that Adams' vehicle was heading straight for him.

Appellant relies on *Lundgren*, a case which is distinguishable from the instant matter. In *Lundgren*, the trial court granted summary judgment for a psychiatrist against a plaintiff whose wife had been shot to death by the doctor's patient. The physician, in the face of police resistance to the return of the patient's guns to him, had written a letter declaring the patient "recovered," thus authorizing return of the weapons. The supreme court reversed, holding that issues involving the psychiatrist's ability to control the release of handguns to the patient, and the forseeability of the harm, should have gone to the jury. The supreme court identified the psychiatrist's duty as a professional one, turning on the degree of care normally exercised by psychiatrists under similar circumstances. *Lundgren*, 354 N.W.2d at 29.

In this case, the degree of control, if any, exercised by Sage over Adams was significantly less than in *Lundgren*. Even if, viewing the evidence most favorably to Stepnes, Sage declined Wicker's offer to drive Adams home and offered to drive Adams home herself, to impose a legal duty based on these facts appears inappropriate. It assumes that Adams was amenable to Sage's offer, or that Sage could impose herself on Adams in some way. There is no evidence in the record to support these assumptions. Thus, no special relationship can be said to exist.

These facts are similar to *Olson v. Ische*, 343 N.W.2d 284 (Minn.1984), where the supreme court held that a plaintiff, injured by an automobile driven by an intoxicated person, had no cause of action against the passenger in the vehicle. The court declined to define driver-owner and passenger as a "special relationship" out of which a duty arises to control the conduct of a third

person to prevent him from causing harm to another. *See* Restatement (Second) of Torts § 315. The court refused to impose a duty upon the passenger to control or influence the driver. *Olson,* 343 N.W.2d at 288.

While we agree this is a terrible tragedy, the theories of liability presented by Stepnes do not result in liability because there is no sufficient nexus between Sage's actions and Stepnes' injury. There is inadequate evidence that Sage exercised control over Adams' behavior or her vehicle. Sage is not the owner of Adams' vehicle nor did she have control of the keys to the vehicle. This is not a custodial situation where Adams was completely within Sage's control. *See* Restatement (Second) of Torts § 314A(4). Rather, Adams could act independently of Sage. Sage's actions were not proximately related to Stepnes' injuries.

The absence of evidence indicating a special relationship between Sage and Adams and Sage's lack of control over Adams' behavior, precludes liability under Restatement (Second) of Torts §§ 308, 319 and 324A. In addition, Stepnes' failure to establish that Sage both created and failed to remedy the dangerous condition precludes liability under Restatement (Second) of Torts § 321.

Minnesota does not recognize a cause of action for social host liability. *Cole v. City of Spring Lake Park,* 314 N.W.2d 836 (Minn.1982). The Civil Damages Act preempts a common law action against a social host for negligently serving alcohol. Minn.Stat. § 340A.801, subd. 1 (1988); *see Holmquist v. Miller,* 367 N.W.2d 468, 472 (Minn.1985). Because liability is not being asserted upon the basis of Sage providing Adams with drinks, we agree with Stepnes and amicus Mothers Against Drunk Driving (MADD) that this is not a social host case.

## DECISION

Stepnes failed to introduce evidence that a special relationship existed between Sage and Adams obligating Sage to exercise control over Adams' conduct. The absence of a nexus between Sage's actions and Stepnes' injury precludes liability. The trial court correctly found that Sage did not owe Stepnes a duty of care and properly granted summary judgment.

Affirmed.