No. 65,123

RACHEL MCGEE, by and through CHARLIE MCGEE, her natural father, guardian, and next friend, *Appellee,* v. THOMAS C. CHALFANT, *Defendant*; HERBERT R. HESS, as special administrator of the estate of Curt Cooper, deceased; and SAM LETT, *Appellants.*

(806 P.2d 980)

Opinion filed March 1, 1991.

*Gerald L. Green,* of Gilliland & Hayes, P.A., of Hutchinson, argued the cause, and *John F. Hayes,* of the same firm, argued the cause and was on the brief for appellant Sam Lett.

*Herbert R. Hess,* of Hess, Leslie & Brown, of Hutchinson, argued the cause and was on the brief for appellant Estate of Curt Cooper.

*Phillip R. Fields,* of Law Office of Phillip R. Fields, of Wichita, argued the cause and *Steven P. Smith,* of the same firm, was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a tort action for personal injuries suffered by Rachel McGee when the vehicle in which she was riding collided with an automobile driven by Thomas Chalfant. McGee sued Thomas Chalfant for negligent operation of the vehicle while under the influence of alcohol; Chalfant's parents, Stephen and Julia Chalfant, for negligent entrustment of a motor vehicle and failure to exercise proper care over Chalfant; and Raymond Webster and Ronald Gingerich for supplying alcoholic beverages to Thomas Chalfant, a minor. After settlement, the actions against Stephen and Julia Chalfant, Raymond Webster, and Ronald Gingerich were dismissed. In an amended petition, McGee sued Curt Cooper, since deceased, and Sam Lett, alleging they undertook control and custody of Thomas Chalfant in transporting

him to his automobile and knowingly and negligently permitted Chalfant to operate an automobile while he was intoxicated.

Cooper and Lett each sought summary judgment on the grounds that they did not take control or custody of Chalfant and, therefore, did not owe a duty to Chalfant or McGee. The district court determined material facts were in dispute as to whether Cooper and Lett exercised custody and control over Chalfant and ruled summary judgment was not proper. Subsequently, the district court determined the decision denying summary judgment involved controlling questions of law and granted Cooper's and Lett's motions for an interlocutory appeal. Pursuant to K.S.A. 20-3018(c), the appeal was transferred to this court.

The controlling facts follow. On May 8, 1987, around 7:00 p.m., Thomas Chalfant drove to a party at the Webster residence. He parked his car on the street, a bit north of the residence, and entered the back yard where keg beer was being served. Chalfant drank four or five glasses of beer over a two-hour period and then left the party with friends. The group drove around town for awhile and then went to a second party at "Briarwood," which they soon left after discovering liquor was not being served. Eventually, the group arrived at a party in "Lakewood" where free beer was available. According to Chalfant, he drank "quite a bit of beer" but could not remember exactly how much he consumed.

As the hour became late Chalfant remembered he was under a midnight curfew and began to seek a ride home. Curt Cooper and Sam Lett were at the Lakewood party. Upon request, Cooper, a neighbor of Chalfant's, said he could not take Chalfant home but would take him to his car. It was clear to both Cooper and Lett that Chalfant was intoxicated. Lett drove Cooper's car back to the Webster residence and, according to Chalfant, let him out next to his own car. Chalfant remembers nothing after entering his own car. Lett asserts he parked across the street from the Webster residence and waited in the car while Chalfant and Cooper went inside. Lett also contends he was not familiar with Chalfant's car. Finally, Lett claims Chalfant did not suggest taking him home, but instead, requested a ride back to the Webster party.

Very early on May 9, while driving home from the Webster party, Chalfant's automobile crossed the center line and collided with a vehicle driven by Melissa O'Neal. Rachel McGee, a passenger in the O'Neal automobile, suffered serious head injuries.

The sole issue presented by this interlocutory appeal is whether summary judgment was properly denied under the facts herein. We first review the rules with regard to summary judgments. The burden on a party seeking summary judgment is strict. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. On appeal, we apply the same rule, and where reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *Hammig v. Ford,* 246 Kan. 70, 72-73, 785 P.2d 977 (1990).

Summary judgment is proper where the only questions presented are questions of law. *Barber v. Williams,* 244 Kan. 318, 319, 767 P.2d 1284 (1989). To recover for negligence, the plaintiff must prove the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered. *Wicina v. Strecker,* 242 Kan. 278, 280-81, 747 P.2d 167 (1987). The existence of a legal duty is a question of law to be determined by the court. *Durflinger v. Artiles,* 234 Kan. 484, 488, 673 P.2d 86 (1983).

Bearing in mind those rules, let us now consider whether Cooper and Lett owed a duty of care to McGee under the facts of this case. McGee contends Cooper and Lett are liable to her under the Restatement (Second) of Torts § 324A (1964) for failure to exercise reasonable care in the performance of a voluntary undertaking, and thereby increasing the risk of harm to third persons. McGee does not contend Cooper and Lett had a duty to take Chalfant home. Rather, she asserts they assumed a duty to her when they agreed to transport Chalfant to his automobile and negligently exercised that duty when they transported Chalfant, visibly intoxicated, to his automobile. McGee asserts it was reasonably foreseeable that an intoxicated driver would increase the risk of harm to herself and other travelers on public roads.

Cooper and Lett argue they had no duty to McGee because they undertook only to transport Chalfant to his automobile, which they did with reasonable care. Further, Cooper and Lett

disclaim the existence of a special relationship with Chalfant which would extend a duty owed to him to McGee.

As a general rule, in the absence of a "special relationship" there is no duty on an actor to control the conduct of a third person to prevent harm to others. *Thies v. Cooper,* 243 Kan. 149, 151, 753 P.2d 1280 (1988); Restatement (Second) of Torts § 315 (1964). A special relationship may exist between parent and child, master and servant, the possessor of land and licensees, persons in charge of one with dangerous propensities, and persons with custody of another. Restatement (Second) of Torts §§ 316-320 (1964).

When the existence of a special relationship is lacking between an actor and another, the actor may still be liable to third persons when he negligently performs an undertaking to render services to another which he should recognize as necessary for the protection of third persons. Section 324A provides:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

"(a) his failure to exercise reasonable care increases the risk of such harm, or

"(b) he has undertaken to perform a duty owed by the other to the third person, or

"(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

This court has approved and adopted the principles of § 324A. *Schmeck v. City of Shawnee,* 232 Kan. 11, 26, 651 P.2d 585 (1982). Recently, we recognized the threshold requirement for the application of § 324A is a showing that the defendant undertook, gratuitously or for consideration, to render services to another. *Gooch v. Bethel A.M.E. Church,* 246 Kan. 663, 669, 792 P.2d 993 (1990). In order to meet this requirement, the evidence must show the defendant did more than act, but through affirmative action assumed an obligation or intended to render services for the benefit of another. See 246 Kan. at 674-75 (quoting *Smith v. Allendale Mutual Ins. Co.,* 410 Mich. 685, 715-19, 303 N.W.2d 702 [1981]).

In *Schmeck v. City of Shawnee*, 232 Kan. 11, the plaintiff was injured in a motorcycle accident and alleged negligence by the City in failing to maintain a reasonably safe intersection. Since KCPL agreed to provide the City with engineering consultant services and actually had engaged in the design of a traffic control system, we held KCPL's affirmative action extended a duty to plaintiff and ruled liability attached under § 324A. 232 Kan. at 25-27.

We found liability attached to the defendant in *Ingram v. Howard-Needles-Tammen & Bergendoff*, 234 Kan. 289, 672 P.2d 1083 (1983), where the plaintiff was killed when his truck hit a hole in a bridge and overturned. The Kansas Turnpike Authority had hired defendant to inspect the turnpike, and we found the defendant owed a duty to the traveling public under § 324A to exercise reasonable care in providing safety inspections. 234 Kan. at 294-95. A duty of care was imposed upon the State in *Cansler v. State*, 234 Kan. 554, 675 P.2d 57 (1984), where it was determined the defendant had agreed to notify surrounding agencies of an escape at Lansing State Penitentiary and failure to disseminate the information resulted in injury to an area police officer. 234 Kan. at 567. In *Fudge v. City of Kansas City*, 239 Kan. 369, 720 P.2d 1093 (1986), city police officers observed an intoxicated bar patron leave the premises, at their command, in his automobile. The intoxicated person was involved in a fatal collision with plaintiff's decedent. 239 Kan. at 370-71. The city police department had a standard operating procedure of taking persons incapacitated by alcohol into protective custody. Thus, we determined the defendants owed a special duty to the intoxicated driver which extended to the decedent because the defendants should have realized protective custody of the driver was necessary to protect third persons. 239 Kan. at 373.

In contrast, we concluded there was no affirmative action by the defendant in *Meyers v. Grubaugh*, 242 Kan. 716, 750 P.2d 1031 (1988), and thus no undertaking upon which to impose liability. The defendant, a State employee, became intoxicated while at work and injured the plaintiff in an automobile collision after leaving work early. We found no evidence the employer had taken charge of or assumed control over the intoxicated employee and ruled § 324A was not applicable since the State did

not undertake to render services to the employee. 242 Kan. at 722-23. See also *Thies v. Cooper*, 243 Kan. at 150 (employer not liable to third persons for intoxicated employee's tortious acts absent special circumstances).

Thus, we see our cases clearly show that a duty is owed to third persons by one who undertakes, by an affirmative act, to render aid or services to another and then is negligent in the performance of that undertaking. One who does not render aid or services to another and has not agreed to do so does not owe a duty to third persons. Examination of cases from other jurisdictions is helpful in determining whether Cooper and Lett undertook to render those kind of services to Chalfant that would cause them to incur liability for Chalfant's subsequent actions.

In *Cuppy, et al., v. Bunch, White*, 88 S.D. 22, 214 N.W.2d 786 (1974), Bunch and White drank lemonade and vodka throughout the day while on a fishing expedition. Bunch slept as they drove back to town, and White had difficulty waking him once they arrived. Bunch did not want to leave his automobile in town so White instructed Bunch to follow him. Bunch's driving was erratic and eventually he collided with plaintiff. 88 S.D. at 24. The South Dakota court examined White's actions and determined § 324A was inapplicable because White did not undertake to assist Bunch and did not exercise control over him. 88 S.D. at 26.

In *Stepnes v. Adams*, 452 N.W.2d 256, 259 (Minn. App. 1990), summary judgment in favor of Sage, a defendant, was upheld because there was inadequate evidence she exercised control over an intoxicated driver. Adams and Sage drank beers and shots for three hours. A friend who believed Adams was too intoxicated to drive offered her a ride home; however, Sage refused the offer on Adams' behalf. Sage helped Adams to her automobile and followed Adams out of the parking lot. Adams swerved off the road, hit the plaintiff who was jogging, and then drove on. 452 N.W.2d at 257. The Court of Appeals determined no special relationship existed between Adams and Sage and denied liability by Sage under the Restatement (Second) of Torts §§ 308, 319, and 324A (1964). 452 N.W.2d at 258-59.

In *Lather v. Berg*, 519 N.E.2d 755 (Ind. App. 1988), a police officer was killed when Murphy crashed into a patrol car after a

high speed chase. Murphy had spent the day drinking with his girlfriend and two other friends, Berg and Bailey. Murphy's girlfriend refused to ride with him because he was intoxicated and a fight ensued wherein Berg took possession of Murphy's car keys. Eventually, however, as the arguments and fighting continued, Berg gave back Murphy's car keys and ordered him to leave. 519 N.E.2d at 757-58. Plaintiff, administratrix of the estate of the deceased police officer, alleged Berg and Bailey were liable for negligent performance of a gratuitously assumed duty because they had assumed a duty to protect third persons when they took possession of the car keys. The Indiana court found that liability does not attach unless the actor specifically undertakes to perform the task he or she is charged with negligently performing. The court concluded the evidence showed no fact or reasonable inference that Berg or Bailey gratuitously assumed a duty to prevent Murphy from driving. 519 N.E.2d at 765-66.

The foregoing cases all hold that a person who allows an intoxicated person to drive but does not otherwise exercise control over the intoxicated person has assumed no duty to third persons and is not liable for injuries subsequently caused by the intoxicated driver. See also *Wienke v. Champaign County Grain A.*, 113 Ill. App. 3d 1005, 447 N.E.2d 1388 (1983); *Gustafson v. Mathews*, 109 Ill. App. 3d 884, 441 N.E.2d 388 (1982); *Sports, Inc. v. Gilbert*, 431 N.E.2d 534 (Ind. App. 1982); *Pinkham v. Apple Computer, Inc.*, 699 S.W.2d 387 (Tex. App. 1985), for similar holdings.

In contrast, liability was imposed upon the tavern owner who refused to serve an intoxicated patron but allowed a tavern employee to provide the incapacitated person with a jump start for his automobile in *Leppke v. Segura*, 632 P.2d 1057 (Colo. App. 1981). The Colorado court held that providing the intoxicated patron with a jump start was an affirmative act which gave the patron mobility he would not otherwise have had and set into motion a force involving an unreasonable risk of harm to others. 632 P.2d at 1058-59. See also *Farwell v. Keaton*, 396 Mich. 281, 291, 240 N.W.2d 217, *reh. denied* 397 Mich. 958 (1976) (liability imposed for failure to obtain assistance for severely injured person who later died).

In *Otis Engineering Corp. v. Clark,* 668 S.W.2d 307 (Tex. 1983), the Texas high court affirmed a ruling that an employer was liable to the plaintiffs for the deaths of their wives caused by an automobile collision with an intoxicated employee. A supervisor at the employer suggested the employee go home after becoming intoxicated while on duty. Several minutes later, the employee was involved in the fatal collision. 668 S.W.2d at 308. The Texas Supreme Court held that the supervisor at the employer had performed an affirmative act and ruled that, when an employer exercises control over an employee by affirmative action, the employer has a duty to exercise reasonable care to prevent the employee from causing unreasonable risk to others. 668 S.W.2d at 310-11.

After reviewing the Kansas case law and cases from other jurisdictions concerning § 324A and the duty to third persons for negligent acts of others, we conclude Cooper and Lett did not owe a duty of care to McGee. Cooper and Lett did not take control of Chalfant or intend to; they only agreed to transport Chalfant to his automobile. We hold this does not constitute such an affirmative act as to amount to the exercise of custody or control over Chalfant.

The extent of the undertaking should define the scope of the duty. Here, Cooper and Lett agreed to take Chalfant to his automobile. We find no evidence that Cooper and Lett agreed to do anything further, such as see that he got home. Thus, although Cooper and Lett had knowledge Chalfant was intoxicated, they did not undertake a duty to prevent him from driving. Therefore, Cooper and Lett cannot be held liable for the negligent performance of a task they did not agree to assume.

In addition, we believe the imposition of liability under these facts would be illogical and against public policy. In *Ling v. Jan's Liquors,* 237 Kan. 629, 640, 703 P.2d 731 (1985), we ruled that, in the absence of legislation, suppliers of alcohol were not liable to the victims of an intoxicated tortfeasor. We determined the imposition of liability under such circumstances was a matter of public policy left to the legislature. Since there is no duty upon a person who supplies liquor to protect others from an intoxicated driver, we refuse to extend the duty to someone who merely transported an intoxicated person to his automobile.

Appellee has failed to establish an essential element of negligence. Summary judgment should have been granted.

The order of the district court denying summary judgment to appellants is reversed. The case is remanded with directions to enter summary judgment for the appellants.