39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Essie Lee JAMESON, as personal representative of the Estate
of Viola Lee Gordon; Verrelle Gordon, Plaintiffs-Appellants,
v.
OMEGA RESOURCES CORPORATION, Defendant-Appellee,
Marvin R. PACK, P & H Oil Field Service, Inc.; Tow Service,
Inc.; David M. Martinez,
Defendants-Third-Party-Plaintiffs-Appellees,
v.
MID-CONTINENT CASUALTY COMPANY, KFB INSURANCE COMPANY, INC.,
Third-Party-Defendants-Appellees.
Essie Lee JAMESON, as personal representative of the Estate
of Raymond F. Gordon, Sr., deceased; Verrelle Gordon,
Norwest Bank, as conservator of the Estates of Mary Gordon
and Brenton Gordon, minors, Plaintiffs-Appellants,
Marvin R. PACK; P & H Oil Field Services, Inc.; Omega
Resources Corporation, Defendants-Appellees,
TOW SERVICE, INC., David M. Martinez,
Defendants-Third-Party-Plaintiffs-Appellees,
v.
MID-CONTINENT CASUALTY COMPANY, Third-Party-Defendant-Appellee.
Kimberly Sue GORDON, Plaintiff-Appellant,
v.
TOW SERVICE, INC., David M. Martinez,
Defendants-Third-Party-Plaintiffs-Appellees,
v.
MID-CONTINENT CASUALTY COMPANY, Third-Party-Defendant-Appellee.
Donald James CLIFFORD, as per-representative of the Estate
of Raymond Floyd Gordon, Jr., deceased, Plaintiff-Appellant,
v.
TOW SERVICE, INC., David M. Martinez,
Defendants-Third-Party-Plaintiffs-Appellees,
v.
MID-CONTINENT CASUALTY COMPANY, Third-Party-Defendant.
 Nos. 93-3187, 93-3188, 93-3200, 93-3201.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE, Circuit Judge; MCKAY, Senior Circuit Judge; and PARKER, District Judge.[2]
 
 
 2
 This is an appeal from summary judgment for the defendants in a diversity negligence action. We conclude the district court did not err and affirm.
 
 
 3
 Marvin Pack was traveling southbound on I-35 in Kansas driving a pickup truck and pulling a trailer. In an injudicious attempt to reverse his direction of travel, Mr. Pack drove the pickup onto the median and became stuck, leaving the rear of the trailer in the passing lane of southbound traffic.
 
 
 4
 Defendant David Martinez, an on-duty tow truck operator employed by Tow Service, Inc., noticed Pack's predicament and gratuitously attempted to assist him. Apparently, while Martinez was attempting to help Pack, another car in which the Gordon family was riding hit the trailer that had been left in the passing lane. Three people died and three were left seriously injured.
 
 
 5
 As a consequence of the collision, Gordon family members and their personal representatives filed this action alleging defendants Martinez and his employer, Tow Service, Inc., were negligent. Their claim is based upon a contention Martinez failed to place warning flares or reflectors at the scene.[3]
 
 
 6
 Maintaining they were not negligent, defendants filed motions for summary judgment. The district court granted these motions, reasoning plaintiffs failed to demonstrate defendants owed them a duty of reasonable care. Contending summary judgment was improperly granted because significant issues of material fact remain in dispute, plaintiffs appeal.
 
 I.
 
 7
 The plaintiff in a negligence case must establish: 1) a duty of reasonable care owed by the defendant to the plaintiff; 2) a breach of that duty; 3) damage to the plaintiff; and 4) a causal connection between the duty breached and the damage sustained. Baker v. City of Garden City, 731 P.2d 278, 280 (Kan.1987) (citation omitted). Plaintiffs first contend Mr. Martinez committed negligence per se because he violated 49 C.F.R. 392.8, 393.95.[4] According to the plaintiffs, "Martinez had a legal duty as a tow truck operator to follow the Department of Transportation Regulations and Kansas State law and he violated that duty when he failed to use the warning devices with which his truck was equipped."
 
 
 8
 Defendant points out the negligence per se issue is raised for the first time on appeal. Indeed, there is nothing within the fifth amended complaint set out in plaintiffs' appendix indicating the contention was raised in the district court. We will not consider matters not presented to the trial court. United States v. Moore, 22 F.3d 241, 243 n. 3 (10th Cir.), petition for cert. filed, No. 94-5225 (July 18, 1994).
 
 
 9
 Moreover, there is no record support for the contention. Defendant concedes the tow truck was equipped with three reflective triangles used to warn oncoming traffic of an inherently dangerous situation. However, while plaintiffs aver the regulations apply, they offer no evidence in support of this assertion. Indeed, because the statute exempts certain types of vehicles, such as "lightweight" trucks, we cannot simply assume the regulations are applicable.[5] With the failure to demonstrate the applicability of the DOT regulations, plaintiffs have failed to carry their summary judgment burden on this issue.
 
 II.
 
 10
 Plaintiffs also rely on Restatement (Second) of Torts 324A (1965) to support their claim of negligence.[6] The Kansas courts have adopted 324A. See Schmeck v. City of Shawnee, 651 P.2d 585, 604 (Kan.1982).
 
 
 11
 The threshold requirement for the application of 324A is a showing that Martinez undertook, gratuitously or for consideration, to render services to another. In this case, Martinez undertook to render services to Pack when he stopped and attempted to move Pack's vehicles. However, the district court found plaintiffs never demonstrated that Martinez had assumed the additional duty to warn other vehicles of the dangerous situation.
 
 
 12
 The existence of duty is a question of law. Durflinger v. Artiles, 673 P.2d 86, 91 (Kan.1983). In this case, the trial court reasoned "Pack may well have had that duty, but ... it takes more than coming along and rendering uncompensated assistance to have undertaken it. There needs to be some factual indication Martinez undertook that duty."[7] Under these circumstances, the district court found plaintiffs had not met their burden of coming forth with specific facts showing there was a genuine issue for trial, as defendants neither created nor increased the risk. Further, the court noted, it would be "bad public policy to engraft a duty on someone such as a good samaritan under these circumstances ... [we do not want someone to be] disinclined to render help when they see someone in a position of peril." In the absence of any showing by the plaintiffs that Mr. Martinez had undertaken the duty to warn, Kansas law will not permit them to recover, and the district court did not err.
 
 III.
 
 13
 Plaintiffs also argue that Restatement (Second) of Torts 302 (1965) also applies in this situation.[8] Besides the Restatement, the only legal authority plaintiffs offer is Brandes v. Burbank, 613 F.2d 658 (7th Cir.1980). In Brandes, the defendant stopped in the emergency lane but failed to place any warning devices around his truck in violation of federal regulations. Of course, Brandes is distinguishable because the case does not address the critical duty question.
 
 IV.
 
 14
 Finally, plaintiffs maintain the motion for summary judgment was premature as the discovery deadline had not run. Yet, they did not advise the court of what additional discovery they wanted, nor did they come forward with any affidavits or statements concerning additional discovery as required by Fed.R.Civ.P. 56(f). As a consequence, they cannot be heard to complain on appeal that they had insufficient time to develop the facts.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable James A. Parker, District Judge for the United States District Court for the District of New Mexico, sitting by designation
 
 
 [3]
 Originally, the plaintiffs appealed the district court's granting of summary judgment in favor of P & H Oil Field Service, Pack's employer. The plaintiffs have dismissed this portion of the appeal
 
 
 [4]
 Section 392.8 provides: "No motor vehicle shall be driven unless the driver thereof is satisfied that the emergency equipment required by 393.95 of this subchapter is in place and ready for use; nor shall any driver fail to use or make use of such equipment when and as needed."
 Section 393.95 states in part: "Except for a lightweight vehicle ... every driven vehicle in driveaway-towaway operation must be equipped as follows: ... (iv) Three red emergency reflective triangles which satisfy the requirements of paragraph (h) of this section...."
 
 
 [5]
 Plaintiffs seek to excuse their default by claiming they were not given an opportunity to prove the point. This contention begs the issue because plaintiffs could not simply stand on their complaint in opposition to the motion for summary judgment. They were obliged to affirmatively come forward with an affidavit showing the existence of a material issue of fact, Fed.R.Civ.P. 56(e), and failure to do so obviates the issue on appeal. Id.; Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.1991)
 
 
 [6]
 Section 324A provides in part:
 One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
 (a) his failure to exercise reasonable care increases the risk of such harm, or
 (b) he has undertaken to perform a duty owed by the other to the third person....
 
 
 [7]
 Apparently relied upon by the district court, but uncited by the parties, is McGee v. Chalfant, 806 P.2d 980, 985-86 (Kan.1991). In that case, defendants assumed the duty of taking an intoxicated person to his car, but did not otherwise exercise control over his actions. The McGee court found the defendants had not assumed any duty to third parties because:
 The extent of the undertaking should define the scope of the duty. Here, [defendants] agreed to take [intoxicated person] to his automobile. We find no evidence that [they] agreed to do anything further .... they did not undertake a duty to prevent him from driving. Therefore, [they] cannot be held liable for the negligent performance of a task they did not agree to assume.
 (emphasis added).
 
 
 [8]
 Section 302 provides in part:
 A negligent act or omission may be one which involves an unreasonable risk of harm to another through either
 (a) the continuous operation of a force started or continued by the act or omission, or
 (b) the foreseeable action of the other, a third person, an animal, or a force of nature.