936 F.Supp. 787 (1996)
Angel Renee BAUSWELL, a Minor, By and Through Her Next Best Friend, Marty Bauswell; Regina Adams, a Minor, By and Through Her Next Best Friend, Jeanette Higgins, Plaintiffs,
v.
Clifford MAUZEY, Lonna Mauzey, Defendants.
Civil Action No. 95-2187-GTV.
United States District Court, D. Kansas.
August 12, 1996.
*788 Barry G. Albin, Kansas City, KS, for plaintiffs.
John M. Duma, Kansas City, KS, for defendants.

MEMORANDUM AND ORDER
VAN BEBBER, District Judge.
This case is before the court upon defendant Lonna Mauzey's motion for summary judgment (Doc. 33). For the reasons stated below, the motion is granted.
Plaintiffs Angel Renee Bauswell and Regina Adams are female children under sixteen years of age. Marty Bauswell is the mother of Angel Renee Bauswell, and Jeanette Higgins is the mother of Regina Adams. Clifford Mauzey is not related to Angel Renee Bauswell, but is the step-grandfather of Regina Adams. Lonna Mauzey is not related to Angel Renee Bauswell, but is the grandmother of Regina Adams. Clifford and Lonna Mauzey are husband and wife.
The plaintiffs filed suit in the District Court of Wyandotte County, Kansas. Based upon diversity jurisdiction, the defendants removed this case to federal court. The plaintiffs bring causes of action for battery, negligence, and gross and wanton negligence against Clifford Mauzey, alleging that, in December 1993, he touched each of them in a sexual manner without their permission. The plaintiffs also bring a negligence cause of action against Lonna Mauzey, alleging that she agreed to help supervise the children on the date in question and that she left Clifford Mauzey alone with the children knowing he was capable of such acts. The plaintiffs contend Lonna Mauzey knew Clifford Mauzey previously had sexually abused his stepdaughter and knew the divorce decree of Regina Adams' parents prohibited his unsupervised visitation with the child. There is no allegation that Lonna Mauzey physically touched the children in a sexually inappropriate manner.
Lonna Mauzey (hereinafter defendant) subsequently filed this motion for summary judgment.

Summary Judgment
Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). All disputed facts, and reasonable inferences derived from the evidence presented, must be resolved in favor of the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356-57, 89 L.Ed.2d 538 (1986); Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir.1995); F.D.I.C. v. 32 Edwardsville, Inc., 873 F.Supp. 1474, 1479 (D.Kan.1995). The existence of factual disputes is not an automatic preclusion to the *789 grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). A "material" fact is one "that might affect the outcome of the suit under the governing law," and the issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248, 106 S.Ct. at 2509.
The movant is entitled to judgment as a matter of law should the nonmoving party insufficiently establish an essential element of a claim for which the nonmovant has the burden. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2551, 91 L.Ed.2d 265 (1986). Entitlement to summary judgment must be proven beyond a reasonable doubt. Norton v. Liddel, 620 F.2d 1375, 1381 (10th Cir.1980).

Negligence
The defendant argues that she cannot be negligent as a matter of law because she had no duty under Kansas law to control the actions of Clifford Mauzey. See Nero v. Kansas State Univ., 253 Kan. 567, Syl. ¶ 1, 861 P.2d 768 (1993) ("To recover for negligence, the plaintiff must prove the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered. Whether a duty exists is a question of law."). The defendant maintains that she had no duty to control Clifford Mauzey's actions to prevent harm to others because there is no "special relationship" between her husband and her as that term is defined in Restatement (Second) of Torts §§ 315-20. See McGee v. Chalfant, 248 Kan. 434, 438, 806 P.2d 980 (1991) ("As a general rule, in the absence of a `special relationship' there is no duty on an actor to control the conduct of a third person to prevent harm to others."); see also Nero, 253 Kan. 567, ¶¶ 2-4, 861 P.2d 768. "A special relationship may exist between parent and child, master and servant, the possessor of land and licensees, persons in charge of one with dangerous propensities, and persons with custody of another." McGee, 248 Kan. at 438, 806 P.2d 980 (citing Restatement (Second) of Torts §§ 316-320 (1964)).
The plaintiffs, in response, apparently raise both a contract and tort theory. They contend that the defendant was contractually liable for the actions of Clifford Mauzey because the defendant contracted with Martha Bauswell to watch over Angel Renee Bauswell and because Rodney Adams left the defendant in charge of his daughter, Regina Adams. The plaintiffs also attempt to argue the existence of a special relationship: they assert that Clifford Mauzey was acting as the defendant's servant in the baby-sitting arrangement and that the defendant was aware of her husband's dangerous propensities.
The plaintiffs may not raise a contract theory at this stage of the proceedings. In the pretrial order filed on May 10, 1996 (Doc. 25), the plaintiffs' claim against Lonna Mauzey is based in tort, not contract. See Fed. R.Civ.P. 16(e) (filed pretrial order controls future course of action); D.Kan.R. 16.2(c) (same); see also Brown Mackie College v. Graham, 768 F.Supp. 1457, 1460 (D.Kan. 1991) ("Claims or theories asserted beyond the scope of the pretrial order are extraneous and will not be considered by the court."), aff'd, 981 F.2d 1149 (10th Cir.1992).
The plaintiffs unsuccessfully attempt to characterize the defendant's relationship with her husband as a special relationship as set forth in §§ 317 and 319 of the Restatement (Second) of Torts. "Section 317 recognizes that the `special relationship' of employer and employee imposes a duty on the employer to exercise control over the employee acting outside the scope of employment under limited circumstances." Meyers v. Grubaugh, 242 Kan. 716, 720, 750 P.2d 1031 (1988). The plaintiffs cite no case law to support the theory that the relationship of a wife and husband is synonymous with that of an employer and employee. Nor do the plaintiffs allege facts to support an employment relationship between the defendant and her husband.
There also is no basis in the record to support a special relationship between the defendant and her husband based upon § 319, the duty of those in charge of a person having dangerous propensities. The plaintiffs do not allege that the defendant had *790 "charge" of Clifford Mauzey. Cases in which the Kansas appellate courts have "applied § 319 typically have involved prisoners." Nero, 253 Kan. at 582, 861 P.2d 768.
The plaintiffs fail to establish that Lonna Mauzey owed a duty to the plaintiffs. Because a negligence claim cannot proceed without a duty owed, the defendant's motion for summary judgment is granted.
IT IS, THEREFORE, BY THE COURT ORDERED that defendant Lonna Mauzey's motion for summary judgment (Doc. 33) is granted.
IT IS SO ORDERED.